[S. F. No. 500. Department One.—July 22, 1897.]

PETER McKEANY, APPELLANT, *v.* MARY F. BLACK ET AL., DEFENDANTS. E. R. LILIENTHAL, RESPONDENT.

ESTATES OF DECEASED PERSONS—ORAL PROMISE OF EXECUTOR TO PAY NOTE OF SOLE LEGATEE—RELEASE OF ESTATE—STATUTE OF FRAUDS—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR.—An oral promise made by an executor, that he would pay at maturity an individual note executed by his coexecutrix, who was also sole legatee of the estate, for the amount of a claim against the estate, payable on or before three years after its date, and given in consideration of a release and discharge of the claim against the estate, is void under the first subdivision of

section 1624 of the Civil Code, as being an agreement which, by its terms, is not to be performed within a year from the making thereof.

ID.—CONSTRUCTION OF ORAL PROMISE TO PAY AT MATURITY—POSSIBILITY OF PAYMENT OF NOTE WITHIN A YEAR.—The fact that the note by its terms might be paid at any time within one year from its date, at the option of the maker, cannot affect the terms of the oral promise of the executor to pay the note at maturity, which promise can only refer to the time when the note could be enforced by the owner, and cannot be construed to include the other terms of the note, and the oral promise must, therefore, be construed as a promise which, by its terms, is not to be performed within one year.

ID.—CONSTRUCTION OF CODE—ORIGINAL PROMISE.—It is immaterial whether the oral promise by the executor to pay at maturity the note given for a claim against the estate, which was released and discharged by the payee, was an original promise or not, under the terms of section 2794 of the Civil Code, as such a promise is only excepted from the provisions of subdivision 2 of section 1624 of the Civil Code in reference to a special promise to answer for the debt, default, or miscarriage of another, and subdivision 1 of that section applies to every oral agreement which, by its terms, is not to be performed within one year from the making thereof, whether the agreement be original or collateral.

ID.—VOID ORAL PROMISE BY EXECUTOR TO PAY DEBT OF DECEDENT.— Under section 1612 of the Code of Civil Procedure, no executor or administrator is chargeable upon any oral promise to pay any debt of the decedent out of his own estate.

ID.—EVIDENCE—AGREEMENT BETWEEN TESTATOR AND EXECUTOR—PLEADING—VARIANCE.—In an action based upon an oral promise of an executor to pay the note of a legatee given for a claim against the estate of the decedent, which was released and discharged by the payee, evidence tending to show that the executor acquired an interest in land from the decedent in his lifetime, under an agreement requiring him to pay the debt upon which said claim was based, is properly excluded, no such liability having been alleged in the complaint, nor could it have affected the verbal promise upon which the action was based.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. OGDEN, Judge.

The facts are stated in the opinion.

*George W. Langan*, and *C. C. Hamilton*, for Appellant.

The court erred in refusing to allow evidence of the agreement between the decedent and defendant Lilienthal, the promise of Lilienthal being enforceable by plaintiff as a beneficiary.   (Civ. Code, sec. 1559; *McLaren* v. *Hutchinson*, 18 Cal. 80; 22 Cal. 187; 83 Am. Dec. 59; *Flint* v. *Cadenasso*, 64 Cal. 83; *Sacramento etc. Co.* v. *Wagner*, 67 Cal. 293; *Tyler* v. *Mayre*, 95 Cal. 160;

*Welch* v. *Kenny*, 49 Cal. 49.) Promises of the character disclosed by the facts of this case are not within the statute of frauds, but belong to the exception mentioned in subdivision 3 of section 2794 of the Code of Civil Procedure. (*Sacramento etc. Co.* v. *Wagner, supra; Morgan* v. *Overman etc. Co.*, 37 Cal. 534; *Welch* v. *Kenny, supra; Taylor* v. *Lipman*, 20 N. Y. Supp. 879.) If the estate be discharged, the executor's promise to pay the debt is binding without writing. (*Harrington* v. *Rich*, 6 Vt. 666; *Mosely* v. *Taylor*, 4 Dana, 542; *Robinson* v. *Lane*, 14 Smedes & M. 161.) The payment of the note might have been performed within a year, and a contract to pay it is not therefore within the statute. (*Dougherty* v. *Rosenberg*, 62 Cal. 32; *Sarles* v. *Sharlow*, 5 Dak. 100; *Carr* v. *McCarthy* (Mich.), 38 N. W. Rep. 241; *Connolly* v. *Giddings*, 24 Neb. 131; *Thomas* v. *Armstrong*, 86 Va. 323; *Arkansas Midland Ry. Co.* v. *Whitley*, 54 Ark. 199; *Sweet* v. *Desha etc. Lumber Co.*, 56 Ark. 629.)

*Jesse W. Lilienthal*, for Respondent.

The oral agreement to pay the note at maturity was void as not to be performed within a year from the making thereof. (Code Civ. Proc., sec. 1973, subd. 1.) The note was not mature until the date when payment could be enforced. (*Koutz* v. *Van Clief*, 55 Cal. 345; *Bates* v. *Leclair*, 49 Vt. 229; *Mattison* v. *Marks*, 31 Mich. 421; 18 Am. Rep. 197; *James* v. *Benjamin*, 72 Ga. 185; *Massie* v. *Belford*, 68 Ill. 290.)

Haynes, C.—This action is upon a promissory note made by the defendant, Mary F. Black, to the plaintiff April 15, 1891, payable " on or before three years after date," for twelve hundred and twenty-three dollars. A judgment by default was taken against her, and no question is made as to that judgment.

As to the liability of defendant Lilienthal, the complaint, after alleging the making of said note by defendant Black, alleged, in substance, that at the time said

note was made the defendants were the executrix and executor of the estate of Joseph F. Black, deceased; that the plaintiff was the owner of a claim against said estate which had been duly allowed by the defendants and approved by the court for said sum of twelve hundred and twenty-three dollars; that Mary F. Black was the sole legatee of said testator; that defendant Lilienthal was the owner of an undivided one-third of all the real estate of which Joseph F. Black died seised; that defendant Lilienthal promised and agreed with defendant Black that if she would execute and deliver said note to the plaintiff " and the plaintiff would accept said promissory note and withdraw, release, and discharge his claim aforesaid as against the said estate of Joseph F. Black, deceased, he, the said E. R. Lilienthal, would pay the said promissory note and the interest thereon to the owner and holder thereof at its maturity"; that in consideration of said promise the plaintiff executed and delivered to defendants, as such executors, a full release and discharge of his said claim against said estate, and accepted said promissory note and the said promise and agreement of the defendant Lilienthal to pay said note at its maturity.

A demurrer to the complaint was overruled, and defendant Lilienthal answered, and in addition to denials pleaded several special defenses, among which were: 1. That the alleged agreement was not expressly made or intended for the benefit of the plaintiff; 2. That by its terms it was not to be performed within a year, and was not in writing; and 3. That the promise alleged is a special promise to answer for the debt, default, or miscarriage of defendant Black, and is not in writing.

The cause was tried by the court without a jury, and at the conclusion of plaintiff's evidence defendant Lilienthal moved for a nonsuit upon several grounds, among others, that no legal evidence was introduced in support of the allegations of the complaint, because no agreement or note or memorandum thereof in writing signed by said defendant or his agent had been offered

or given in evidence; that it was an agreement which by its terms could not have been performed within one year, and because it was a promise to answer for the debt, default, or miscarriage of another. Other grounds, including the want of consideration, and that it was not an agreement expressly intended for the benefit of the plaintiff, were also specified.

It is not necessary to rehearse the evidence, nor comment upon the interest or motives of respondent in inducing his codefendant to execute her note and procure a release of the plaintiff's claim against the estate of her deceased husband. It is sufficient for the purposes of this opinion to say that the evidence showed that the promise made by respondent to Mrs. Black was oral, that he told her not to inform the plaintiff of his said promise, but that she did tell plaintiff in order to induce him to accept the note and release his claim against the estate, at the same time telling him that she was instructed not to tell him of said promise.

Section 1624 of the Civil Code, so far as pertinent here, provides: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged or by his agent: 1. An agreement that by its terms is not to be performed within a year from the making thereof: 2. A special promise to answer for the debt, default, or miscarriage of another, except in cases provided for in section 2794 of this code."

It is contended by appellant that the promise in question is not within the first subdivision above quoted, because it was possible to perform it within a year.

This contention is based upon the fact that the note was made payable "on or before three years after date."

The learned counsel cites several cases to the proposition that, if a verbal contract may be performed within a year, the fact that it *may* not be performed or is not *likely* to be performed within that time does not render it void.

But counsel have omitted three important words

found in the statute, viz., "by its terms." If the contract *by its terms* is not to be performed within a year it is void; but if it *may* "by its terms," be performed within a year, it is not, even though it may not be performed within that time.

But counsel imports the terms of Mrs. Black's contract, expressed on the face of the note, into the verbal promise or agreement of respondent. By her contract she was at liberty to pay the note at any time and compel the plaintiff to accept payment and surrender the note, though the plaintiff could not maintain an action upon it until the expiration of three years from its date; and that is the date of its maturity, notwithstanding the option given to the maker of the note to pay it at any time, and which she might do within a year.

The promise of Lilienthal, the respondent here, is explicit. The allegation in the complaint is that he "would pay the said promissory note and the interest thereon to the owner and holder thereof at its maturity"; and the proof, in this regard, corresponded with the allegation. If the promise had been to pay the note according to its terms, a different contract would have resulted, and the verbal promise would have been good so far as subdivision 1 of said section 1624 is concerned. By accepting the promise, with the note, plaintiff agreed to accept payment from Lilienthal at the maturity of the note, and did not agree to accept payment from him before that date; and the test is, not whether the plaintiff might not have been willing to accept payment sooner, but whether under the terms of the contract, made by the promise and its acceptance, he could have been compelled to accept payment from the respondent before the expiration of three years from the date of the note. I think it is clear that he could not, and that therefore the promise was within the statute and void.

In view of the conclusion reached it is not necessary to consider appellant's second point, viz., that respondent's promise was an original one, under the exceptions to subdivision 2 of said section 1624 of the Civil Code,

specified in subdivision 3 of section 2794 of the Civil Code, since said subdivision 1 of the first-named section embraces all agreements, whether original or collateral. (Browne on the Statute of Frauds, 5th ed., sec. 272.)

It is further said that the estate being discharged from the claim of plaintiff, the promise of the executor is binding without being in writing, and several cases from other jurisdictions are cited. But this circumstance does not take the agreement out of said subdivision 1, since there are no exceptions to that provision. Besides, section 1612 of the Code of Civil Procedure would seem to be a sufficient answer to this contention. That section provides that "No executor or administrator is chargeable upon any special promise to answer damages, or to pay the debts of the testator or intestate out of his own estate, unless the agreement for that purpose, or some memorandum or note thereof, is in writing and signed by such executor or administrator, or by some other person by him thereunto specially authorized."

Certain rulings upon the trial were made by which the plaintiff was prevented from proving certain facts tending to show that the agreement, under which defendant Lilienthal acquired from said Joseph F. Black a one-third interest in the real estate of which he afterward died seised, required said defendant to pay the debt of said J. F. Black to the plaintiff. Such evidence was properly excluded. If any such liability existed it was not alleged in the complaint, nor could it have affected the verbal promise upon which the action was based.

I find no ground for reversal and therefore advise that the judgment be affirmed.

CHIPMAN, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.