STANDARD BITULITHIC CO. v. CURRAN.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

No. 145.

1. PLEADING ⊚⊶246(2)—AMENDMENT—ACTION ON CONTRACT.
    In actions ex contractu, so long as plaintiff adheres to the original contract on which the complaint is founded, an amendment is not objectionable which merely states more fully and accurately the facts with reference to the contract, or changes the alleged date of the contract.

⊚⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. FRAUDS, STATUTE OF &=51—AGREEMENTS NOT TO BE PERFORMED WITHIN
ONE YEAR—OPTION TO TERMINATE WITHIN YEAR.

A parol contract, which by its terms may be terminated at the end of
six months at the option of either party, is not within the statute of
frauds of New York, as one that "by its terms is not to be performed
within one year."

3. COURTS &=366(1)—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

A federal court in an action at law will follow a decision of the highest
court of the state, construing its statute of frauds.

Hough, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern
District of New York.

Action by Joseph Curran against the Standard Bitulithic Company.
Judgment for plaintiff, and defendant brings error. Affirmed.

This cause comes here on writ of error to the District Court for the Southern
District of New York. The defendant in error, plaintiff below, and hereinafter
called plaintiff, is a citizen of the United States and a resident of the borough
of Richmond, city and state of New York. The plaintiff in error, defendant
below, and hereinafter called defendant, is a corporation organized and exist-
ing under the laws of the state of West Virginia. The action is in contract, and
the complaint alleges three separate causes of action.

The first cause of action sets forth the employment of the plaintiff by the
defendant on September 2, 1910, as agent or promoter, to secure for defendant
the selection and adoption of bitulithic and Warrenite pavements, with the
right and privilege of making bids and executing contracts for the laying of
such pavements in certain communities in the states of New York and New
Jersey, for the agreed price of $1,800 per annum as salary, and in addition
thereto the further sum of 3 cents per square yard for each square yard of the
aforesaid pavements laid in said communities; that such employment provided
for a temporary or probationary period of six months, and if, at the end of that
period, the services were satisfactory, such employment was to continue for
the further period of about nine years; that, pursuant to said agreement,
plaintiff performed work, labor, and services, under the direction of the de-
fendant, for said period of six months, which were announced by said defend-
ant to be satisfactory and acceptable; that thereafter plaintiff continued in
said employment, pursuant to and under the terms thereof, and that between
the said 2d day of September, 1910, and the 1st day of August, 1912, he se-
cured for the defendant certain specified contracts for the laying of its pave-
ment in certain municipalities in the states of New York and New Jersey, to
the amount of 141,700 square yards; that plaintiff performed all of the condi-
tions of said contract upon his part to be performed, until prevented by de-
fendant on or about August 1, 1912; that the defendant, in violation of its
agreement, neglected and refused to pay plaintiff for the pavements laid by de-
fendant to the extent of 94,500 square yards, under bids and contracts se-
cured for it by the plaintiff, and for which defendant was to pay the plaintiff
the sum of 3 cents per square yard as a commission, amounting in the aggre-
gate to the sum of $2,835, although plaintiff duly demanded payment.

The second cause of action set forth in the bill of complaint is substantially
the same as that set forth in the first, but is alleged in a different form, and
as for work, labor, and services, without any reference to the agreement set
forth in the prior cause of action.

The third cause of action, after setting forth the making of the agreement
alleged in the first cause of action, and the due performance of all of its terms
and conditions upon the part of the plaintiff, and his readiness and willingness
to continue to perform the same, alleges its repudiation and termination by the
defendant, to the plaintiff's damage in the sum of $150,000. And judgment is
asked against defendant in the sum of $152,835.

The first two causes of action are in effect the same, but put in different
form. The first and second causes of action relate to what the plaintiff earn-

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed while employed with the defendant before he was discharged. The third cause of action is based, not on what the plaintiff earned under the contract during the time it was in force, but on what he claims he would have earned after the contract had been terminated, and during its unexpired term, from the time that he was discharged up to the time that he claims the contract ran.

The defendant admitted in its answer that it had not paid to plaintiff the said sum of $2,835, or any part thereof, and it denied that the same, or any part thereof, was due and owing to the plaintiff, as alleged in the second cause of action. The defendant denied, as a defense to the first and third causes of action, that any such agreement or contract was made as alleged, and that, if one was made, the same was void, in that it was not to be performed within one year, and no note or memorandum thereof was made by the defendant and subscribed as required by the statute of the state of New York in such case made and provided.

The case was submitted to a jury, and a verdict was found in favor of the plaintiff in the sum of $8,527.20. The defendant moved to set aside the verdict, and the court granted the motion, unless the plaintiff consented to reduce the same to the sum of $5,640.50. The plaintiff so consented, and judgment was entered for this amount, together with the costs.

Strong & Mellen, of New York City (Chase Mellen, of New York City, of counsel), for plaintiff in error.

Eadie, Innes & Walser, of New Brighton, N. Y. (Bertram G. Eadie and Frank H. Innes, both of New Brighton, N. Y., of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The complaint sets forth with particularity in its first cause of action a contract, the performance by the plaintiff of certain services thereunder, the failure of the defendant to pay for such services, and a demand for judgment; in its second cause of action the complaint sets forth the same work, labor, and services as in the first cause of action, and demands judgment upon quantum meruit; and in the third cause of action the same contract is alleged as is set forth in the first cause of action, and damages for its breach are demanded. The allegations of the complaint are denied by the answer. A question of fact was thereby created, which was submitted to the jury, and that body has found a verdict in favor of the plaintiff, which is not to be disturbed, but must be accepted as conclusive, unless errors of law have been committed which require a reversal.

It is alleged for error that during the progress of the trial the court permitted an amendment of the pleadings to conform the pleadings to the proof. Courts, in the exercise of their common-law jurisdiction, may in their discretion permit pleadings to be amended at any time before verdict, if such amendment does not surprise or prejudice the opposite party. The authorities differ upon the question whether a court, in the exercise of its common-law jurisdiction, may of its own motion and without application by one of the parties order an amendment to be made. The Code of Civil Procedure of the state of New York (§ 723) provides as follows:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems

just, amend any process, pleading, or other proceeding, * * * by insert-ing an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceedings to the facts proved. And in every stage of the action the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party. * * *"

In the instant case the court did not amend on its own motion, al-though under the statute it would seem to be possessed of power to do so; but it allowed the amendment to be made after counsel for plaintiff stated that he wished the amendment to be made. The first cause of action was amended, so as to state that the plaintiff is entitled to a commission of 3 cents a square yard, on the yardage on all sorts of pavement and kinds of pavement laid in the borough of Queens and the borough of Richmond; in the borough of Queens 330,000 square yards, and in the borough of Richmond 140,480 square yards. This was objected to on the ground of surprise, as the complaint contained nothing to show that plaintiff claimed anything outside of the War-renite and bitulithic contracts which he secured. The plaintiff was also allowed to amend the first cause of action as to the time when the contract was to commence. The complaint was amended to state:

"That the contract dated on the 2d day of September, 1910, was that the term of employment was for the term of the Warrenite and bitulithic pat-ents, approximately 9½ years, to commence September, 1910, with the option to the plaintiff and an option to the defendant to terminate such contract with-in 6 months thereafter, if the services of the plaintiff were unsatisfactory, or the position was unsatisfactory to the plaintiff."

The statement in the original complaint was as follows:

"That on or about the 2d day of September, 1910, in the city and county of New York, the plaintiff and the defendant mutually entered into a contract wherein and whereby the defendant, for a valuable consideration, appointed the plaintiff its agent or promoter for a period of about 9 years; said period to commence at a date 6 months subsequent to the said 2d of September, 1910, should the plaintiff's services prove satisfactory during the said period of said 6 months, immediately following the said 2d day of September, 1910, said period of 9 years being coextensive with the life of certain patents. * * *"

The first of these amendments may now be disregarded, as the de-fendant has not been prejudiced thereby; for the court, after the verdict, stated that he did not think there was any evidence to support the verdict as to the claim for pavements in Richmond and Queens, and added:

"I will either permit you to set the verdict aside, or shut out that part of the damages which relate to Richmond and Queens."

Plaintiff's counsel consented to that, and the verdict was reduced from $8,527.20 to $5,640.50.

[1] So far as the second amendment is concerned, it was quite within the power of the court to make it, and error cannot be predi-cated upon it. The amendment was in the furtherance of justice, and worked no prejudice to the other party. In actions ex contractu, so long as the plaintiff adheres to the original contract on which the com-

plaint is founded, an amendment is not objectionable which merely states more fully and accurately the facts with reference to the contract or changes the alleged date of the contract. See Stevenson v. Mudgett, 10 N. H. 338, 34 Am. Dec. 155; Pickett v. Southern R. Co., 74 S. C. 236, 54 S. E. 375.

[2] It is said, however, that plaintiff cannot recover, as the contract was not in writing, as required by the statute of frauds, and that the statute is applicable alike to the contract alleged in the original complaint as well as to that in the amended complaint, as it is clear that the contract could not be fully performed within one year. We need not concern ourselves with the contract as stated in the original complaint. The question for this court is whether the contract as stated in the amended complaint is or is not within the statute.

The rule in England is clear that an option to determine at any time a contract for a designated period exceeding a year has no effect in taking the case out of the statute of frauds. Birch v. Liverpool, 9 B. & C. 392; Dobson v. Collis, 1 H. & N. 81; Pentreguinea Fuel Co., Pegg's Claim, 4 De G. F. & J. 54. And see Reed on Statute of Frauds, vol. 1, § 202. But whether such an option contained in a New York contract is within or without the statute depends upon the construction given to the statute by the courts of that state.

In Blake v. Voight, 134 N. Y. 69, 31 N. E. 256, 30 Am. St. Rep. 622, a contract required the plaintiff to procure consignments of goods to the defendants during one year from December 1, 1888, and that the defendants should pay the plaintiff a commission therefor; but it permitted either party to terminate it in June, 1889. The court said:

"The statute applies to 'every agreement that by its terms is not to be performed within one year from the making thereof.' 4 R. S. (8th Ed.) p. 2590, § 2. As it was the design of the statute not to trust the memory of the witnesses beyond one year, it has been repeatedly held that it does not apply to a contract which, consistently with its terms, may be performed within that period. The contract in question, therefore, as we construe it, is free from the restraint of the statute. This conclusion finds support in the adjudged cases, which, although uniform in this state, are somewhat at variance in other jurisdictions."

[3] This court will follow a decision of the New York Court of Appeals, construing a statute of the state of New York. D'Wolf v. Rabaud, 1 Pet. 476, 502, 7 L. Ed. 227. And as in the instant case the contract could have been performed according to its terms within one year by an exercise of the option at the end of 6 months, we must hold that the contract is one not required by the New York statute to be in writing.

It is said, finally, that the plaintiff had been paid in full for all his services, and that on August 2, 1912, he signed a voucher check which contained the words "In full settlement to date," and that he rendered no services thereafter. The plaintiff claimed that this voucher carried on its face the condemnation of the construction for which the defendant contended, as it particularly limited the amount for which it was drawn to the particular items which it contained, and that none of such items were within the claim of the plaintiff in this case. The

court in the charge to the jury called attention to this receipt and said:

"It is for you to properly construe, together with the whole testimony, the meaning of that receipt. If you believe it was a receipt in full for all commissions up to date, then, unless there was a mistake, a mutual mistake, in the execution of it, it would be conclusive on the plaintiff that he was getting all he was entitled to get at that time, all that was due him at that time."

The defendant took no exception to this part of the charge, and made no request with respect to it. In the absence of an exception, the defendant cannot raise the question in this court on writ of error. Moreover, there is no reference to the matter in the assignment of errors.

Judgment affirmed.

HOUGH, Circuit Judge (dissenting). When a plaintiff pleads on oath a contract obviously obnoxious to the statute of frauds, brings his case to trial on the eve of the running of the statute of limitations, swears to an entirely different agreement, which it is hoped escapes the statute, and then before the jury seeks to plead his newly sworn-to contract by way of amendment, the motion should be denied. To grant it is, in my opinion, abusing discretion. Nor is the contract as last stated within the rule thought to be discoverable in Blake v. Voight.

For these reasons I dissent.