**SOSBEE v. CLARK.**

No. 10664—Opinion Filed June 6, 1922.

(Syllabus.)

**1. Contracts—Necessity for Acceptance of Offer.**

Before an offer can become a binding promise and result in a contract, it must be accepted, either by word or act, for without this there cannot be an agreement.

**2. Frauds, Statute Of—Contracts Not to Be Performed Within Year—Computation of Time.**

In determining whether or not a contract is to be performed within a year

from the time of making it, the year does not begin to run until the contract is actually agreed to by both of the parties.

### 3. Same—Continuing Contract—Validity.

An oral agreement may be a continuing contract and extend for more than one year and not be within the statute of frauds, if the contract may be terminated at any time by either party.

### 4. Trial—Demurrer to Evidence—Reversal.

Where, on the trial of a case, the plaintiff proves facts sufficient to entitle him to recover as against the defendant, it is reversible error for the trial court to sustain a demurrer to the evidence.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by J. W. Sosbee against J. L. Clark to recover on contract. The trial court sustained a demurrer to the plaintiff's evidence and rendered judgment against the plaintiff. Plaintiff appeals. Reversed and remanded, with instructions

William Neff and L. E. Neff, for plaintiff in error.

Glenn Alcorn and R. M. DeWitt, for defendant in error.

MILLER, J. This action was instituted in the city court of Muskogee by plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover $225 on a contract. Judgment was rendered in the city court in favor of the plaintiff, and the defendant appealed to the superior court of Muskogee county, Okla. When the case was called for trial in the superior court, a jury was duly impaneled and sworn to try the cause. At the conclusion of the introduction of plaintiff's evidence, the defendant demurred to the evidence, which demurrer was by the court sustained and judgment rendered against the plaintiff. He perfected this appeal to reverse the judgment of the trial court, and appears here as plaintiff in error. For convenience, the parties will be referred to as they appeared in the trial court.

Plaintiff sets out four assignments of error, and then says:

"These assignments of error present but a single question and that is: Whether the contract sued upon was void under the statute of frauds."

The bill of particulars, omitting the prayer, reads as follows:

"The plaintiff for his bill of particulars states that he is a practicing physician and that he moved to Webbers Falls, Okla., by reason of an agreement made by the

defendant that he would pay him $100 per year as long as he remained at Webbers Falls; that defendant has paid plaintiff $75 pursuant to said agreement and owes plaintiff a balance of $225 for the years 1915, 1916, and 1917."

To this bill of particulars, the defendant filed the following answer:

"Comes the defendant, J. L. Clark, and for answer to the bill of particulars, denies each and every allegation thereof as therein plead. Defendant says he has already paid all he agreed to pay, and that the defendant is not due the plaintiff any sum whatever.

"Further answering, the defendant states that such an alleged contract as plead in plaintiff's petition is a violation of subdivision 1, section 941, Revised Statutes of 1910, the same being the statute of frauds."

The plaintiff testified that the proposition made by defendant which plaintiff subsequently accepted and relies upon was as follows:

"A. Mr. Clark says: 'If you will move to Webbers Falls, I will give you one hundred dollars a year to do my practice, if I never take a dose of your medicine, besides. I will move you free of charge."

The defendant contends that under this statement the agreement was not to be performed within a year. That the plaintiff under this promise was required, not only to move to Webbers Falls, but, after so doing, to do a full year's practice, or be ready to do the same before he could lay claim to the $100. That, therefore, this contract falls squarely within the first subdivision of section 941, Revised Laws of Oklahoma, 1910, which reads as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: First. An agreement that, by its terms, is not to be performed within a year from the making thereof."

Defendant insists the contract was made when the proposition was made by defendant to plaintiff, and that some time elapsed after the making of the contract before the plaintiff moved to Webbers Falls, and the year did not begin to run until the plaintiff moved to Webbers Falls, and defendant cites a number of authorities which he claims support his theory that the contract is void under the statute of frauds. It will be sufficient to refer to two of them.

In Chase v. Hinkley (Wis.) 105 N. W. 230, 2 L. R. A. (N. S.) 738, the court said:

"Respondent testified quite positively that the agreement was made October 29, 1903, for services to be rendered for the period of one year, commencing on the 1st day of November following. The testimony of appellant in respect to the matter, by itself, left the date of the agreement in considerable doubt. In that situation the trial court concluded, as well it might have, that the contract was, by its terms, not to be performed till the expiration of one year and two days from its date."

In Snelling v. Lord Huntingfield, 1 Crompton, M. & R. (English Courts of Exchequer), page 20, the court said:

"The plaintiff apparently assents to the proposals made on the 20th, takes the writing with him, and enters into the service of the defendant on the 24th. Then, if there was a contract in fact upon the 20th, although by the statute of frauds, no action can be brought upon it, how can another contract be implied?"

In the case of Chase v. Hinkley, supra, the contract was actually made two days before it was to commence and was to run for a year. In the case of Snelling v. Huntingfield, supra, the court assumed the contract was made four days before it was to begin. In the case at bar the defendant assumes the contract was made when Clark first made the proposal, but the evidence clearly shows that it was not made at that time. The demurrer admits the evidence to be true. Dr. Sosbee testified that Clark made the first proposition to him at Webbers Falls. A few days later he renewed the proposition at the depot of the Iron Mountain Railroad at Gore. It is clear that he did not accept the proposition when first made, or defendant Clark would not have renewed it at Gore. In referring to this conversation, Dr. Sosbee stated: "A. I told him I expected I would take him up." This does not constitute an acceptance of a contract. It clearly denotes that the mind has not fully reached a decision.

A few days after the conversation at Gore, Dr. Sosbee called Clark over the telephone and asked him about getting a house at Webbers Falls. Clark told him there was a house available and for him to come over and look at it. The exact date Dr. Sosbee accepted Clark's proposition is not shown. Clark's proposition did not constitute a contract until accepted.

In 13 Corpus Juris, page 272, the text reads:

"Before an offer can become a binding promise and result in a contract it must be accepted, either by word or act, for without this there cannot be agreement Nor is a promise binding on its maker unless the promisee has assented to it."

In Lemp Brewing Co. v. Secor, 21 Okla. 537, 96 Pac. 636, the third paragraph of the syllabus reads:

"An 'assent' is evidenced by a proposition emanating from one side, and an acceptance of it on the other, such proposition and acceptance together constituting what is called a 'meeting of the minds'; and, where the proof fails to show that there was a 'meeting of the minds' in the making of a contract, such contract does not become effective."

In Atwood v. Rose et al., 32 Okla. 355, 122 Pac. 929, paragraph 6 of the syllabus reads:

"No contract is complete without the mutual assent of all the necessary parties to all its terms."

Under the facts disclosed by the evidence in this case the contract was not void because within the statute of frauds. Under the terms of the contract, as testified to by Dr. Sosbee, it was a continuing contract, and the fact that it continued for more than a year did not bring it within the statute of frauds, because it could have been terminated by either party at any time.

In Mellon v. Fulton, 22 Okla. 636, 98 Pac. 911, this court said:

"Hence we say that under the testimony the item was a proper charge in estimating the worth of plaintiff's services under the general employment found by the referee to exist, and to have failed to regard it would have been wrong. It was not disputed that such service was reasonably worth $60 per year, or $300 for five years, charged in plaintiff's account, and, as we are of the opinion that the finding is reasonably supported by the evidence, we do not think the court erred in overruling defendant's exception to it.

"As there was nothing in this arrangement to prevent either party from terminating the retainer at any time, we do not think the contract was within the statute of frauds as one not to be performed in one year, as urged by plaintiff in error. 29 Am. & Eng. Enc. of Law (2d Ed.) 952."

The trial court committed reversible error in sustaining the demurrer to the evidence. The judgment of the trial court is reversed, and this action is remanded to the superior court of Muskogee county, with instructions to grant a new trial.

JOHNSON, McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.