[Civ. No. 5407. Third Appellate District.—March 12, 1936.]

EDYTHE BANTA, Executrix, etc., Respondent, v. CHARLES ROSASCO et al., Defendants; A. T. TAECKER, Appellant.

A. T. Taecker, *in pro. per.*, for Appellant.

Rowan Hardin for Respondent.

422

LEMMON, J., *pro tem.*—Plaintiff, as executrix of the will of Joseph Rosasco, deceased, brought this action to foreclose a mortgage executed to Joseph Rosasco, to secure the payment of a promissory note in the sum of $10,000. The note and mortgage were executed by the defendants, Charles and Mary Rosasco, on August 20, 1927. Subsequently, and on August 10, 1929, A. E. Taecker purchased the property, the subject of the mortgage. From the decree of foreclosure which provides for the docketing of a judgment against Charles and Mary Rosasco and A. T. Taecker for any deficiency remaining after the sale of the mortgaged premises, Taecker alone prosecutes an appeal.

In the negotiations leading up to the purchase of the property by Taecker, he was represented by two real estate agents. These agents agreed orally that Taecker would assume and discharge the mortgage. Appellant contends, however, that there is no evidence that the agents were authorized to bind him in this regard.

■ It is well settled that a grantee who assumes and agrees to pay the mortgage debt is liable to the mortgagee for the payment thereof, upon the rule in equity that a creditor is entitled to the benefit of all obligations or securities given by his debtor to one who has become a surety of the debtor for the discharge of the debt. The promise of the grantee may be made orally, or it may be implied. The rule, well established in this regard, is expressed in *Hopkins* v. *Warner,* 109 Cal. 133 [41 Pac. 868], as follows: "It is not necessary that there should be a formal promise on the part of the grantee to pay the mortgage debt, in order to render him liable therefor, if his intention to assume the debt appears from a consideration of the entire instrument. The obligation may be made orally or in a separate instrument: it may be implied from the transaction of the parties, or it may be shown by the circumstances under which the purchase was made, as well as by the language used in the agreement."

■ Appellant admitted under examination that he knew during the negotiations that the purchase price of the property was $20,000. He was also aware that the mortgage was in the principal sum of $10,000. The amount which he paid at the closing of the transaction was the difference between the purchase price of $20,000 and the amount then due on the mortgage.

The prevailing rule is that a promise to assume is implied when the mortgage obligation is included in the purchase price and is retained by the purchaser. ''The rule generally adhered to now is that the purchaser becomes personally liable for the mortgage debt when the amount thereof is deducted from the purchase price, it being a part of the consideration for the conveyance, which the purchaser is legally bound to pay.'' (2 Jones on Mortgages, 305.) Substantially the same statement appears in 41 Corpus Juris, at page 724. That the majority rule prevails in this state is indicated by the following quotation from *White* v. *Schader*, 185 Cal. 606–611 [198 Pac. 19, 21 A. L. R. 499] : ''And the rule is the same, although there is no assumption of payment of the indebtedness, if the purchase be made expressly subject to the encumbrance, and the amount of the indebtedness is included in, and forms a part of the consideration of the conveyance.'' Having retained from the purchase price the amount of the mortgage debt under the circumstances disclosed, in equity and good conscience appellant should be required to pay that part of the purchase price so retained by discharging the obligation secured by the mortgage.

By the terms of the mortgage note, it was due on or before five years after its execution. At the time appellant purchased the property, approximately two of the five years had transpired. The assertion is therefore made that the promise to assume is unenforceable under the provisions of subdivision 1 of section 1624 of the Civil Code. The answer to this is that the debt could have been paid within the year. The statute does not declare void a promise not in writing which may not be performed within a year, or which is not likely to be performed within that period. It embraces only such promises which do not admit of a valid execution within the year. The possibility of performance within that period is sufficient to take the promise outside the statute. (12 Cal. Jur. 875.) If performance had been tendered within the year, the payee of the note would have been obliged to accept payment. The case of *McKeaney* v. *Black*, 117 Cal. 587 [49 Pac. 710], is consistent with these views. In that case the promise was expressed, and obligated the promisor to pay the mortgage debt at maturity, which time was without the one year period, while in the instant case the implied promise was

to assume and pay the debt. This, as stated, could have been accomplished within the statutory period.

It is contended that the court failed to appoint an inheritance tax appraiser to appraise the mortgaged property, and that under the provisions of section 726 of the Code of Civil Procedure the court was therefore without authority to enter a deficiency judgment. This section was enacted subsequent to the execution of the mortgage. The section, therefore, can have no application to the situation presented. (*Wilson* v. *Superior Court,* 8 Cal. App. (2d) 14 [47 Pac. (2d) 331].)

Finally, the point is made that section 580b of the Code of Civil Procedure prohibited the court from entering a deficiency judgment. This section was adopted some time after the date of the execution of the mortgage, and forbids a deficiency after a sale under a deed of trust or mortgage given to secure the balance of the purchase price of real property. The mortgage was not given as a part of the purchase price of the premises, but was given to secure the repayment of money loaned by the mortgagee to the mortgagors.

It follows that the judgment appealed from should be, and it is therefore, affirmed.

Pullen, P. J., and Thompson, J., concurred.