### HOPPER v. LENNEN & MITCHELL, Inc., et al.

### No. 10676.

Circuit Court of Appeals, Ninth Circuit.

Dec. 6, 1944.

Gang, Kopp & Tyre, of Los Angeles, Cal., for appellant.

T. B. Cosgrove, F. J. O'Neil, and John N. Cramer, all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, Hedda Hopper, filed, in the Superior Court of the State of California, a complaint for damages upon four alleged causes for breaches of an oral contract. The case was removed to the District Court of the United States because of diversity of citizenship. In the District Court separate motions of defendant-appellees to dismiss the complaint and each count thereof were made, and the motions to dismiss the first, second and fourth causes of action were granted. This appeal by plaintiff below is taken from the judgment of dismissal as to the first, second and fourth causes of action, but the appeal has been abandoned as to the fourth cause of action, hence we need here consider the questions raised as to the first and second causes of action only.

Appellant in her first cause of action alleged: "On or about November 12th, 1942 plaintiff entered into a verbal agreement with defendant Lennen & Mitchell, Inc. under which plaintiff agreed to render her services on the radio for defendant for a minimum period of twenty-six weeks commencing on or about December 27th, 1942 and not exceeding five years, said five years to consist of ten periods of twenty-six weeks each, the said defendant, Lennen & Mitchell, Inc. to have the right of cancellation upon notifying plaintiff in writing four weeks prior to the last broadcast of any twenty-six week period. Said verbal agreement further provided the appearances of plaintiff would be on a weekly radio pro·

gram advertising the products of The Andrew Jergens Company for whom defendant Lennen & Mitchell, Inc. was the advertising agent; said services of plaintiff for said defendant Lennen & Mitchell, Inc. would be exclusive on the radio unless a consent in writing of said defendant was first obtained; compensation which defendant agreed to pay to plaintiff was as follows: $1,250.00 per week for the first twenty-six week period; $1,500.00 per week for the next two twenty-six week periods; $1,750.00 per week for the next two twenty-six week periods; $2,000.00 per week for the next two twenty-six week periods; $2,250.00 per week for the next two twenty-six week periods; and $2,500.00 per week for the last twenty-six week period."

Appellant further alleged that she was ready at all times to render her services but that Lennen & Mitchell, Inc., refused to perform its obligations under said contract and had repudiated the same, resulting in appellant's damage in the sum of $487,500.

The second cause of action is substantially the same as the first except that appellant alleges that the contract was entered into by Lennen & Mitchell, Inc., acting for itself and as advertising agent for Andrew Jergens Company.

The point relied upon by defendant-appellees in their motions to dismiss was that the oral contracts are invalid under the California statute of frauds [1] as being contracts which by their terms are not to be performed within a year from the making thereof—that is, that while the employers were bound only for periods of less than a year (twenty-six week periods), Miss Hopper was bound for the full period of several twenty-six week periods, and that, therefore, the contract was one which could not be performed within a year and was void for that reason. Appellant claims, however, that since the contract by its terms can be terminated in less than a year, it is not within the statute which declares void any contract which is not to be performed within a year. The District Court sustained the motions.

At the outset of our consideration of the point at issue, we direct attention to the fact that the identical point has been the subject of judicial expression in England and in many, and probably all, of the states. A rather sharp cleavage in decision has resulted in a "majority" and a "minority" rule, and we shall now proceed to discover upon which side of the cleavage the California law falls.

The point in Williston on Contracts, Rev. Ed., Vol. 2, § 498, is treated as follows: "Promises subject to an express defeasance or providing for alternative performance. The distinction between an excuse for not performing and completion of performance * * * is taken in contracts requiring for their performance a period exceeding a year but which are subject to a right of defeasance, not by operation of law but by the express terms of the contract, within the period of a year, as a contract for several years' service containing a provision permitting termination by either party on a week's or a month's notice. Such contracts are generally held within the Statute. * * *." Professor Williston cites in a footnote, among cases as holding contrary to the majority view as expressed in the text, the California case of Dutton Dredge Co. v. United States Fidelity & Guaranty Co., 1934, 136 Cal.App. 574, 29 P.2d 316, which we will presently discuss.

It appears that the District Court regarded the case of Sessions v. Southern California Edison Co., 1941, 47 Cal.App.2d 611, 118 P.2d 935, as a California declaration in favor of the majority rule as followed in England and in the United States.

The leading case in the United States on the minority side is Blake v. Voight, 1892, 134 N.Y. 69, 31 N.E. 256, 30 Am.St. Rep. 622. There a letter, dated November 27th, signed by plaintiff but not by defendant, referred to an agreement which was to take effect December 1st for a period of one year. Defendant read the letter and

[1] § 1624, California Civil Code: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent:

"1. An agreement that by its terms is not to be performed within a year from the making thereof; * * *."

§ 1973, California Code of Civil Procedure: "In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement, cannot be received without the writing or secondary evidence of its contents:

"1. An agreement that by its terms is not to be performed within a year from the making thereof; * * *."

then orally stated that either party could make the contract null and void by due notice on the June following. We quote from page 257 of the opinion in 31 N.E.: "* * * The permission [to terminate the contract in June] was part of the agreement, and effective action under it was performance of that part. The contract could be performed in either of two ways: (1) By performance according to its terms without exercising the option; (2) by performance according to its terms until June, and then exercising the option. By either mode the contract would be fulfilled in a sense originally contemplated by the parties, and by neither would performance be frustrated, because the contract would be executed in a way that the parties agreed that it might be executed. The contingency did not defeat the contract, but simply advanced the period of fulfillment. * * *"

The reasoning in the Blake-Voight case has been followed consistently in New York. See Standard Bitulithic Co. v. Curran, 2 Cir., 1919, 256 F. 68, wherein it was held that the contract involved could have been performed according to its terms within one year by the exercise of the option at the end of six months. And to the same effect, Daigler v. Mitchell, Co. Ct. 1942, 39 N.Y.S.2d 465, which involved a contract of rental which was to be automatically renewed each year until the defendant should move from the premises, and at which time the contract was to terminate.

The Oklahoma and Nevada courts have followed the New York rule. Sosbee v. Clark, 1922, 86 Okl. 198, 207 P. 732, 734: "* * * Under the terms of the contract * * * it was a continuing contract, and the fact that it continued for more than a year did not bring it within the statute of frauds because it could have been terminated by either party at any time." Mellon v. Fulton, 1908, 22 Okl. 636, 98 P. 911, 913, 914, 19 L.R.A.,N.S., 960: "* * * As there was nothing in this arrangement to prevent either party from terminating the retainer at any time, we do not think the contract was within the statute of frauds as one not to be performed in one year * * *." Girton v. Daniels, 1913, 35 Nev. 438, 129 P. 555, 557: "* * * While the lease by its terms, if fully complied with, may have extended for two years and even longer, nevertheless it could have been terminated by act of the parties within a year according to its specific provisions and without violation of its terms."

A Kansas court opinion [Johnston v. Bowersock, 1900, 62 Kan. 148, 61 P. 740] contains convincing argument in favor of the New York rule. An oral agreement was involved which was to last as long as a written 99-year agreement then existing between the defendant and a gas company and which contained a termination clause to the effect that if the venture should prove unprofitable, the gas company could terminate the contract upon giving three months' notice thereof in writing. The court said [page 744 of 61 P.]: "* * * Moreover, the performance of a contract can be nothing more than a carrying out of its terms,—an adherence to its provisions,—and, if a termination of it be authorized by the language employed by the parties, then, said termination being permitted, the exercise of the right so to do is certainly not a breach of the contract upon the part of the party asserting the right to abrogate it, and, if not a breach, it must be a performance. If the contract permits its destruction by the parties, that destruction is merely carrying out the terms of the agreement, and nothing more. * * *"

It is a well established rule in California that if, by its terms, performance of a contract is possible within one year, the contract does not fall within the statute even though it is probable that it will extend beyond one year. The frequently cited case of McKeany v. Black, 1897, 117 Cal. 587, 49 P. 710, recites: "* * * If the contract, by its terms, is not to be performed within a year, it is void; but if it may, 'by its terms,' be performed within a year, it is not, even though it may not be performed, or is not likely to be performed, within that time. * * *" See Stewart v. Smith, 1907, 6 Cal.App. 152, 91 P. 667; Hellings v. Wright, 1916, 29 Cal. App. 649, 156 P. 365; Mayborne v. Citizens' Trust & Savings Bank, 1920, 46 Cal.App. 178, 188 P. 1034; Kressly v. District Bond Company, 1934, 138 Cal.App. 565, 32 P.2d 1112; Banta v. Rosasco, 1936, 12 Cal.App.2d 420, 55 P.2d 601. The authors of the California law encyclopedia, "California Jurisprudence," at page 847, Vol. 12, epitomize the California rule as follows: "Nor is it necessary, to take an agreement out of the statute, that it should expressly stipulate that it shall be performed within the year.

The possibility of such performance is enough." And in Hagan v. McNary, 1915, 170 Cal. 141, 148 P. 937, L.R.A.1915E, 562; "* * * its terms must be such that performance within a year is impossible without a departure from such terms."

Hellings v. Wright, supra, held that an agreement by a broker to share with plaintiff his commission on lots sold by plaintiff for cash or on the installment plan at not less than $5 per month could be performed within the year, and was therefore not required to be in writing. It is said in that case at page 368 of 156 P.: "The statute does not declare void a contract which may not be performed within a year, or which is not likely to be performed within that period. It includes only agreements which, fairly and reasonably interpreted, do not admit of a valid execution within the year. * * *" See Stewart v. Smith, supra.

In Mayborne v. Citizens' Trust & Savings Bank, supra, at page 1039 of 188 P., it is stated: "* * * This rule does not apply to contracts, either express or implied, for the rendition of services for an indefinite period of time and payment to be made at the termination of the relationship. * * * To fall within the condemnation of the statute the contract must be such as to be incapable of performance within one year. * * *"

Banta v. Rosasco, supra, at page 602 of 55 P.2d: "By the terms of the mortgage note, it was due on or before five years after its execution. At the time appellant purchased the property, approximately two of the five years had transpired. * * * If performance had been tendered within the year, the payee of the note would have been obliged to accept payment."

The principal case relied on by appellant, and the only California case containing facts more directly in point with the instant case, is Dutton Dredge Co. v. United States Fidelity & Guaranty Co., 1934, 136 Cal.App. 574, 29 P.2d 316. That case involved a contract in which defendant agreed to insure plaintiff and to keep it insured, and it was also agreed that the contract could be terminated at any time by either party giving written notice to the other. At pages 318, 319 of 29 P.2d: "It is next claimed that the alleged contract is within the statute of frauds because it was not to be performed within one year. Among other replies the

plaintiff calls to our attention that the basic covenant of the alleged contract was that the defendant agreed to insure the plaintiff and to keep it insured. Continuing, it calls attention to the fact that by another covenant it was agreed the contract could be terminated at any time by either party giving written notice thereof to the other party. Both parties concede that policies for compensation insurance are written for one year. We think the answer is complete, because under such covenants the contract by its terms could have been performed within a few days, not to mention a year. Such contracts do not come within the statute of frauds. Civ.Code § 1624, subd. 1, 12 Cal.Jur. 857; Blake v. Voight, 134 N.Y. 69, 72, 31 N.E. 256, 30 Am.St.Rep. 622."

Counsel for appellees state in their brief that even in the absence of a provision for termination by notice, a contract for an indefinite period is not within the statute (Hollywood Motion Picture Equipment Co. v. Furer, 16 Cal.2d 184, 105 P.2d 299; Mayborne v. Citizens' Trust & Savings Bank, supra), and that, of course, the same rule applies to an agreement of uncertain duration which contains a provision for termination by notice (Dutton Dredge Co. v. United States Fidelity & Guaranty Co., supra). These rules as stated may be correct, but if counsel are contending that the Dutton case involved an agreement of uncertain duration, we cannot wholly agree. True, in effect, the agreement was of uncertain duration. However, it was to extend for the period of one year beyond the statutory one year period, that is, it was at least certain of duration to the extent of two years, unless notice of termination should be given by either party.

Also counsel's argument begs the question whether or not a distinction should be made between an agreement of uncertain duration which contains a provision for termination by notice and one of certain duration which contains a provision for termination by notice. We think that there is no material distinction between the two situations since the effect ultimately is the same.

The principal California case relied on by appellees is Sessions v. Southern California Edison Co., 1941, 47 Cal.App.2d 611, 118 P.2d 935. There the agreement was to pay plaintiff a certain sum of money until he became sixty years of age

(or for a period of six years), and then to pay him a monthly pension for life. The question presented was whether the possibility of death occurring to plaintiff within one year was sufficient to take the contract outside the statute of frauds. At page 938 of 118 P.2d it is said: " * * * The difficulty with the plaintiff's position here * * * is that he fails to observe the distinction between performing a contract and being discharged from liability under it. See Williston on Contracts, Rev. Ed., § 496. * * * " "It is self-evident that the contract in this case was within the statute of frauds. * * * "

We do not disagree with the reasoning of the court in arriving at its conclusion in that case, for, as is stated by Professor Williston in the section cited, "* * * It is possible under any contract whatever, that some supervening circumstance may excuse the promisor from liability within a year; * * * " But it is appellees' contention that the language, "that he [plaintiff] fails to observe the distinction between performing a contract and being discharged from liability under it," speaks the California view, and that, therefore, exercising an option to terminate a contract cannot be considered as performing a contract. We do not agree, for there the court was expressing its mind as to the facts before it, which, as can readily be seen, were distinguishable. The contentions of the parties and the type of contract involved there have no relation to the instant case.

We believe that the case of Dutton Dredge Co. v. United States Fidelity & Guaranty Co., supra,[2] which follows the leading New York case of Blake v. Voight, supra, establishes the view of the California courts on the subject of termination clauses. It is also to be noted that the case of Sessions v. Southern California Edison Co., supra, made no mention of the Dutton case or the rule involved.

Obviously the contract in question was to run for five years, but only in the event appellees did not exercise their option to terminate the same within any one of ten twenty-six week periods within the period of five years. It is clear that appellees were to be bound for a longer period than twenty-six weeks only at their discretion. Thus, the reason for the statutory rule is preserved, for at no time is appellee bound for a period greater than the prescribed limitation for oral contracts.

Under the terms of the contract here involved and by a comparison of those terms to the pertinent language used in the leading California cases on the general subject, the California statute of frauds is not violated. It need not be expressly stipulated that the contract shall be completed within one year (12 Cal.Jur. 847); the contract here is not incapable of performance within the year (Mayborne v. Citizens' Trust & Savings Bank, supra); it is not an agreement which, fairly and reasonably interpreted, does not admit of a valid execution within the year (Hellings v. Wright, supra); its terms are such that performance within a year is possible without a departure from such terms (Hagan v. McNary, supra); it is valid, even though it may not be performed, or is not likely to be performed, within a year (McKeany v. Black, supra); and lastly, under such covenants the contract by its terms could have been performed within a few weeks, not to mention a year (Dutton Dredge Co. v. United States Fidelity & Guaranty Co., supra).

We are in agreement with the following expression contained in appellant's brief: "In the case at bar only Lennen could terminate by notice, but that factor should make no difference upon the basic principle involved."

We are unable to agree with the argument of appellees, which is drawn from their epitomized statement as it appears in black-faced type on the flyleaf of their brief: "We are dealing with the statute that provides 'any agreement that is not to be performed within a year,' not any agreement that is not to be defeated within a year * * *."

The judgment is reversed as to the first and second causes of action and is affirmed as to the fourth cause of action.

---

[2] The Dutton case was cited as authority in a recent case—Roy v. Salisbury, 1942, 21 Cal.2d 176, 130 P.2d 706.