[Civ. No. 867.   Fifth Dist.   June 14, 1968.]

PARAMOUNT SAVINGS AND LOAN ASSOCIATION, Plaintiff and Respondent, v. GARY R. BARBER, Defendant and Appellant.

Donald G. Kendall for Defendant and Appellant.

Mack, Bianco & Means and William A. Stone for Plaintiff and Respondent.

CONLEY, P. J.—This litigation tests the implementation and effect of section 580b of the Code of Civil Procedure relative to the protection from deficiency judgment of a

person who gives a deed of trust as security for a loan as part of the purchase price.

On March 8, 1963, the Currans, husband and wife, executed to the Paramount Savings and Loan Association for a loan of $10,100, a promissory note and deed of trust by which they conveyed a lot to the Kern County Title Company, as trustee. In the present suit the Kern Financial Corporation was sued as a substitute trustee in place of Transamerica Title Insurance Company, which was immediate successor to Kern County Title. The Currans did not live in the house which was constructed on the lot, nor intend to do so.

On March 18, 1963, the Currans conveyed the lot by grant deed to Wayne Reeder, Inc. On April 2, 1963, Wayne Reeder, Inc., through its president, Wayne Reeder, assumed the agreement to pay the promissory note above mentioned and on April 3d of the same year Wayne Reeder, Inc., by a grant deed, conveyed the property to Fairview Construction Corp., and the latter corporation, by its president, Wayne Reeder, in turn assumed the obligations under the promissory note. On April 29, 1963, Fairview Construction Corp. deeded the property to Olen J. Hughes and Amie Hughes, who assumed the obligations under the note; by grant deed on December 15, 1964, the Hughes's conveyed the property to defendant Gary R. Barber. Mr. Barber executed an assumption agreement on December 24, 1964, obligating himself under the terms of the original promissory note, and promising to perform the agreement contained in the deed of trust; at the time of the suit defendant Barber was the record owner of the property subject to the deed of trust. By the terms of the note defendant Barber and his predecessors promised to pay plaintiff monthly installments of $69, principal and interest, on the 1st day of each month beginning April 1, 1963; defendant Barber did not make the payments due on January 1, 1966, or thereafter.

Plaintiff filed a foreclosure action and also sued for a deficiency judgment, claiming that Barber was personally liable for payment of the balance of the sum owed. After the trial, the judge awarded a decree of foreclosure and also ordered that defendant Barber was personally liable for the payment of the debt secured by the deed of trust, and that if the money arising from the foreclosure sale was insufficient to pay the amount found due, plus attorneys' fees, interest, and costs of sale, a deficiency judgment was awarded against the defendant Barber.

The appeal is from "that portion of the judgment declaring the defendant Gary R. Barber personally liable for payment of the debt secured by the Deed of Trust and declaring said defendant liable for attorney fees and costs."

The appellant claims that he was entitled to the protection of section 580b of the Code of Civil Procedure, which was amended in 1963, effective September 23; the section before the amendment read as follows:

"No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property.

"Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof."

The section, after amendment, reads as follows:

"No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property, or under a deed of trust, or mortgage, on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of such dwelling occupied, entirely or in part, by the purchaser.

"Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on real property."

The original money borrowed by the Currans from Paramount Savings and Loan Association was to be used for construction of a house on the property known as 5000 Elysium Street, Bakersfield, California. Mr. Curran testified that he and his wife never did occupy the home, that the loan was obtained for the erection of a building on the property, and that it was a business deal to get a construction loan with the eventual plan of selling the premises to a third person. Appellant insists that when the property was finally sold to the Hughes couple and their son and daughter-in-law lived in

the house, even though title was in the name of Mr. and Mrs. Hughes, the loan then became a purchase money transaction and section 580b applied to protect the buyer, and that the section operated to protect defendant Barber as a successor to those buyers. In the month in which appellant Barber obtained title to the property he tendered a deed to the premises back to Paramount Savings and Loan Association but the tender was refused.

However, the principle is well established that the nature of a trust deed is determined at the time it is executed. In *Brown* v. *Jensen,* 41 Cal.2d 193, 197 [259 P.2d 425], it is said: "With purchase money trust deeds, however, the character of the transaction must necessarily be determined at the time the trust deed is executed. Its nature is then fixed for all time. . . ." (See also: *Lucky Investments, Inc.* v. *Adams,* 183 Cal.App.2d 462, 466 [7 Cal.Rptr. 57]; *Banta* v. *Rosasco,* 12 Cal.App.2d 420 [55 P.2d 601].) Consequently, the defendant Barber has no greater right than the Currans had in 1963. The Currans were not purchase money trustors and were not protected by section 580b of the Code of Civil Procedure.

Respondent correctly points out that if the Currans had defaulted immediately after they signed the deed of trust before the other mentioned documents were executed, they would have been responsible for the entire amount of the debt. Paramount Savings and Loan Association did not sell the property to the Currans, it loaned money with the property as security. The courts have held that the question as to whether a mortgage or deed of trust is one for purchase money within the meaning of section 580b must be determined as of the date of its execution. (See Stefan A. Riesenfeld, *California Legislation Curbing Deficiency Judgments,* 48 Cal.L.Rev. 705, 715.) When the Currans executed their trust deed, it was not of purchase money character nor a purchase transaction, and section 580b did not apply.

Appellant is contending that, although the loan was originally a construction loan, it was converted to a purchase money transaction through the subsequent actions and conduct of the parties. (See John R. Hetland, *Deficiency Judgment Limitations in California—A New Judicial Approach,* 51 Cal.L.Rev. 1 and John R. Hetland, *Real Property and Real Property Security: The Well-Being of the Law,* 53 Cal.L.Rev. 151, 159.)

The trial court found that neither the Currans, Wayne Reeder, Inc., Fairview Construction Corp., Mr. and Mrs.

Hughes nor defendant Barber ever used the real property as a residence. Paramount Savings and Loan Association did not sell the property to the Currans; it made a loan on the property; there was no purchase transaction at that time. The court obviously found no evidence that respondent intended the loan to be part of the purchase price and that Barber could not limit his obligation by section 580b.

The judgment is affirmed.

Gargano, J., concurred.

Stone, J., being disqualified, did not participate.

Appellant's petition for a hearing by the Supreme Court was denied August 8, 1968. Peters, J., was of the opinion that the petition should be granted.