# Roddy & Dahm v. McGetrick.

*Action by Employee to recover Damages for Breach of Contract.*

1. *Construction of contract for employment of clerk in dry-goods store.* — In an action against dry-goods merchants, to recover damages for a breach of contract as follows: "Defendant R. offered plaintiff $75 a month to clerk for defendants; but plaintiff told said R. that he would enter into no agreement to serve him as clerk unless his position would be permanent, and R. replied that his position would be permanent, — permanent above any one in the house;" a charge to the jury, "that if the employment was not for a month, a reasonable construction would be for a

[Roddy *v.* McGetrick.]

year, in the absence of a construction by the parties," cannot be held erroneous by the appellate court.

2. *Abstract charge.* — A charge asked, which assumes as proved a fact which the evidence does not clearly establish, is abstract, and is properly refused for that reason.

3. *Verdict.* — A verdict for the plaintiff, *estimating* (instead of *assessing*) his damages at a specified sum, is sufficiently formal and definite to support a judgment in his favor for the sum specified.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. JAMES Q. SMITH.

BOYLES & OVERALL, for appellants.

J. L. SMITH, *contra.*

PETERS, J. — The appellee, McGetrick, sued the appellants, Roddy & Dahm, as copartners, in the Circuit Court of Mobile County, for seven hundred and seventy-five dollars, " as damages " for breach of a contract for employment of the plaintiff by the defendants as their clerk, in the year 1869, which employment was to continue from the 12th day of October, 1869, for a year, at the rate of $75 per month. On the trial, the defendants took a bill of exceptions, to the action of the court below, from which it appears that " there was evidence introduced by the plaintiff tending to show that he had made a contract with defendants, on the 10th day of October, 1869, to serve them as a dry-goods clerk, which contract was as follows : ' The defendant Roddy offered the plaintiff $75.00 a month, to clerk for the defendants ; but the plaintiff told defendant Roddy that he would enter into no agreement to serve him as clerk, unless his position would be permanent ; ' that defendant replied ' that his position would be permanent ; ' that ' your place will be permanent above any one in the house.' Under this contract the plaintiff went to work for the defendants." There was also proof to show that, at the time this proposition was accepted, the said defendants " had another clerk employed for one year, commencing September the first of that year, and payable monthly, who was then engaged in their store ; and that plaintiff was to get seventy-five dollars per month for his services." It also appears that after this, on the 30th day of November, 1869, " defendants informed plaintiff that they would only give him fifty dollars a month thereafter, instead of seventy-five dollars ; but plaintiff declined to remain upon these terms, and quit the service of defendants." The wages due plaintiff were satisfactorily settled up and paid " until the last day of November, 1869." This was, in substance, about all the evidence.

Neither the bill of exceptions, nor the pleadings, shows whether the contract declared on or proven was in writing, or by

[Roddy *v.* McGetrick.]

parol without writing. Upon this evidence, the court charged the jury : " If the employment was not for a month, a reasonable construction would be for a year, in the absence of a construction by the parties." This was excepted to by the defendants. The defendants then asked the court to charge the jury, that " If the jury believe, from the evidence, that the contract was that the plaintiff was to have a permanent employment with defendants as a clerk, commencing from the 10th day of October, 1869, and that the contract was not in writing, plaintiff cannot recover." This charge was refused, and the defendants again excepted. There was a verdict and judgment for the plaintiff in the court below. In the verdict, the jury say, they " find for the plaintiff, and *estimate* the damages at five hundred dollars." The defendants in the court below appeal to this court, and assign the *rulings* of the court upon the charge given and the charge refused, and the *words* of the verdict, as error.

It is the province of the court to determine all questions of law in the progress of the cause. Such questions cannot be left to the jury. 2 Stew. & Port. 193 ; 5 Port. 64 ; 3 Ala. 237. The meaning and interpretation of a contract, whether written or verbal, is a question of law, and it should be declared by the court. 9 Ala. 320 ; Stark Ev. Sharswood's ed. 1860, p. 786, marg. The words of every contract should receive a reasonable interpretation, when this is possible ; such an interpretation as will give the contract effect rather than destroy it. And the only question raised on the charge of the court below, which was objected to, is, was the court's exposition of the contract set out in the bill of exceptions erroneous and inadmissible ? This is the affirmation of the assignment. The court below is entitled to be sustained, unless the interpretation is clearly wrong. The agreement is certainly somewhat indefinite, but it is not wholly without meaning. Nor can it be said to be " a foolish contract." If we supply the words " for a year," after the word *permanent*, then all difficulty ends at once. *Permanent* means something more than for a month ; because the plaintiff was to be employed for a period not exactly named, but he was to be paid monthly, at seventy-five dollars a month. This implies payment for more than one month. This was the construction put on it by the parties themselves. It was not attempted to end the employment at the end of the first month ; and there was no objection to its continuing longer, but only an unwillingness on the part of the defendants to pay greater wages than fifty dollars a month, after the termination of the month of November, up to which time the plaintiff was paid. If we go out of the contract itself for means of interpretation, which was not proper in the court below, except in reference to

[Sheppard *v.* Gill's Administrator.]

its subject matter and the course of the business about which it was made, it is not to be doubted that *permanent* was intended to mean permanent for a year, or up to the 10th day of October, 1870. The allusion to other clerks in the house leads to this. I therefore think there was no error in the charge of the court.

2. The charge asked by the defendants was not clearly pertinent to the evidence. I am unable to discover, from the evidence, that the contract sued on was verbal. There was no objection to any portion of the testimony on either side, and there is nothing that wholly excludes the idea that it might have been in writing. The charge, then, assumes a fact not proven. Such charges are abstract. Besides, the contract attempted to be proven does not show that it was "not to be performed in one year *from* the making thereof." This is the requisition of the statute, in order to render it invalid. Rev. Code, § 1862. On this point of the case, also, there is no error; or error is not clearly shown, as it should be.

3. The objection to the verdict, that the jury have used the word *estimate*, instead of the word *assess*, in declaring the amount of the damages awarded by the finding, is not well taken. Such objections are merely formal, and should be first made in the court below, otherwise they will not be considered on error in this court. Rev. Code, § 2811. But these words are equivalent, and either may be used. They mean "to fix" the amount of the damages, or the value of the thing 'to be ascertained. This is enough. Webster Unabr. Words, *Assess* and *Estimate*.

The judgment of the court below is affirmed.