# BANKER BROTHERS COMPANY v. COMMON-WEALTH OF PENNSYLVANIA.

## ERROR TO THE SUPERIOR COURT OF THE STATE OF PENNSYLVANIA.

No. 72. Argued November 17, 1911.—Decided December 4, 1911.

The relation of vendor and vendee, and not that of principal and agent, exists where the manufacturer sells goods to another under exclusive contract and delivers goods only on payment of. draft attached to bill of lading.

In this case *held*, that goods. manufactured in another State and delivered only, in pursuance of contract, after payment of draft attached to bill of lading, are at rest and subject to the laws of the State while in the hands of the consignee before delivery by him to a purchaser from him, notwithstanding the consignee only ordered them after a contract with the purchaser had been made.

Where the relation of principal and agent exists between one selling goods in one State which are manufactured in another State and the manufacturer, sales made by the former within his own State are not interstate commerce transactions but are subject to the taxing power of the State.

Where the transaction of sale of an article manufactured in another State is wholly intrastate, as between vendor and vendee, it does not become interstate and immune from state taxation because the purchaser pays freight from the place of manufacture or because the purchaser obtains a warranty direct from the manufacturer.

THE facts, which involve the constitutionality of a statute of Pennsylvania taxing sales of automobiles, as enforced in this case, are stated in the opinion.

*Mr. Edward J. Kent.* and *Mr. Harvey A. Miller* for plaintiff in error:

The plaintiff in error is engaged in interstate commerce, and, therefore, not liable to taxation by the State. *Dozier* v. *Alabama,* 218 U. S. 124; *Rearick* v. *Pennsylvania,* 203 U. S. 507; *Colwell* v. *North Carolina,* 187 U. S. 622;

*Robbins* v. *Shelby County*, 120 U. S. 489; *Wilton* v. *Missouri*, 91 U. S. 275; *Brennan* v. *Titusville*, 153 U. S. 289; *Lyng* v. *Michigan*, 135 U. S. 166.

The automobile sold is always actually ordered and the order signed by the purchaser submitted to the factory at Buffalo, New York, where it must first be accepted, after which the automobile is shipped to fill the order to the particular individual named therein.

*Mr. George H. Calvert*, with whom *Mr. John C. Bell*, Attorney General of the State of Pennsylvania, *Mr. James M. Magee, Mr. Donald Thompson* and *Mr. Murdoch Kendrick*, were on the brief, for defendant in error:

Merchandise, even though an article of interstate commerce, is subject to state taxation, provided the act imposing such tax does not attempt to regulate interstate commerce or discriminate against it. *Brown* v. *Maryland*, 12 Wheat. 436; *American Steel & Wire Co.* v. *Speed,* 192 U. S. 520; *Emert* v. *Missouri*, 156 U. S. 320; *American Express Co.* v. *Iowa*, 196 U. S. 146; *Darnell* v. *Memphis*, 208 U. S. 119; *Phillips* v. *Mobile*, 208 U. S. 479.

Upon receipt of the automobile by Banker Brothers Company, it had reached its destination and was at rest in the State within the meaning of that rule. *General Oil Co.* v. *Crain*, 209 U. S. 228; *Brown* v. *Houston*, 114 U. S. 622; *Pittsburg Coal Co.* v. *Bates*, 156 U. S. 578; *Diamond Match Co.* v. *Ontonagon*, 188 U. S. 96.

The act levying the tax does not attempt to regulate interstate commerce and does not discriminate against it. *Robbins* v. *Shelby Co.*, 120 U. S. 501.

The right of the State to tax trades, professions, and occupations, cannot be questioned by the Federal Government. *Knisely* v. *Cotterel*, 196 Pa. St. 628; *Ficklen* v. *Shelby County*, 145 U. S. 1.

Admitting that the majority of defendant's sales are of foreign cars, yet this fact is not material in determining

their liability under the act of 1899 because they are engaged in the general business of automobile dealers. *Brennan* v. *Titusville*, 153 U. S. 289; *Hopkins* v. *United States*, 171 U. S. 592; *Stockard* v. *Morgan*, 185 U. S. 35.

Mr. Justice Lamar delivered the opinion of the court.

The Banker Brothers Company, a corporation doing business in Pittsburg, was charged, as retail venders, with a tax of 1 per cent on $351,000 on sales of automobiles to persons in Pennsylvania under a statute of that State. It denied liability on the ground that the sales were interstate transactions. A decision of that point involves the question as to whether Banker Brothers Company acted as principal or as agent of a New York manufacturer.

It appears that the George N. Pierce Company was engaged in the business of manufacturing automobiles in Buffalo, and in 1905 made a contract by which it agreed "to build for and sell automobiles to Banker Brothers Company at twenty per cent less than list price. Deliveries to be f. o. b. Buffalo as soon as practicable after order for deliveries are received. Payments to be made in cash."

The Banker Brothers Company kept no machines in stock except those used for demonstration, and were allowed to sell only within a restricted territory on terms stipulated by the manufacturer. The purchaser of the machine was to pay at least ten per cent when he signed a printed form addressed to Banker Brothers Company requesting it "to enter my order for ——— motor car, for which I agree to pay the list price f. o. b. factory, as follows: $——— upon signing this order, and the balance upon delivery of the car to me."

The name of the Pierce Company did not appear anywhere on this printed form furnished by it, but when the Banker Brothers Company accepted the order it remitted the cash to the Pierce Company. If the latter accepted

the order, it agreed thereupon to make the automobile and ship it, drawing on Banker Brothers Company for the balance of the list price, less twenty per cent, with bill of lading attached.   The Banker Brothers Company, on paying the draft, took up the bill of lading, received from the carrier an automobile which though shipped in interstate commerce had become at rest in the State of Pennsylvania.   Banker Brothers Company had the title and delivered it to the buyer on his paying the balance of the purchase money.   Compare *Dozier* v. *Alabama*, 218 U. S. 124.   The written contract was silent on the subject, but it was stipulated that the Pierce Company warranted the machine direct to the purchaser.

It is contended that Banker Brothers Company were agents and the Pierce Company an undisclosed principal. It is urged that the sale was an interstate transaction between the manufacturer and the purchaser, with Banker Brothers Company merely acting as an agent which looked after the delivery of the machine and collected the purchase price.

This is one of the common cases in which parties find it to their interest to occupy the position of vendor and vendee for some purposes under a contract containing terms which, for the purpose of restricting sales and securing payment, come near to creating the relation of principal and agent.   But as between Banker Brothers Company and the Pittsburg purchaser, there can be no doubt that it occupied the position of vendor.   As such it was bound by its contract to him and under the duty of paying to the State a tax on the sale.

The name of the Pierce Company was not mentioned in the order signed by the purchaser.   Had there been a breach of its terms he would have had a cause of action against the Banker Brothers Company, with whom alone he dealt.   If he had failed to complete the purchase the Pierce Company would have no right to sue him on the

contract. The fact that he was liable for the freight by virtue of the agreement to "pay the list price f. o. b. factory" did not convert it into a sale by the manufacturer at the factory; neither was that result accomplished because, with the machine, Banker Brothers Company also delivered to the buyer in Pittsburg a warranty from the manufacturer direct.

These were mere incidents of the intrastate contract of sale between Banker Brothers Company and the purchaser in Pittsburg, who was not concerned with the question as to how the machine was acquired by his vendor, or whether that company bought it from another dealer in the same city or from the manufacturer in New York. The contract was made in Pennsylvania, and was there to be performed by the delivery of the automobile and the payment of the balance of the purchase price. See *American Steel & Wire Co.* v. *Speed,* 192 U. S. 500; *American Express* v. *Iowa,* 196 U. S. 133, 146. The court properly held it was not an interstate transaction, but taxable under the laws of Pennsylvania.

*Affirmed.*