## KELLY–SPRINGFIELD TIRE CO. v. BOBO et al.*

(Circuit Court of Appeals, Ninth Circuit. February 16, 1925.)

### No. 4341.

**1. Principal and agent ⬁35—Contract based on valuable consideration held not terminable at will.**

In consideration of the purchase by plaintiff of the stock of tires and tubes of a dealer, defendant, the manufacturer, by a contract gave him the exclusive right to buy and sell its products in a specified territory, on terms therein stated, so long as he promptly paid his accounts and gave proper representation. *Held* that, whether the contract be considered one of sale or of agency, it was based on a valuable consideration moving from plaintiff, and was not revocable at will by defendant.

**2. Principal and agent ⬁8, 47—Contract held not void for uncertainty; rights under exclusive agency contract stated.**

A contract by which plaintiff was given the exclusive right to purchase and sell defendant's products in a specified territory, to continue in force so long as plaintiff promptly paid his accounts and gave defendant proper representation, is not void for uncertainty, nor does it give defendant the right to determine for itself whether plaintiff has complied with its terms.

**3. Frauds, statute of ⬁49 — Contract for personal services not within statute.**

A parol contract which involves the personal services of one of the parties is one that might be performed within a year by the death of such party, and is not within the statute of frauds.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; William P. James, Judge.

Action at law by L. A. Bobo and another against the Kelly-Springfield Tire Company with cross-actions consolidated. Judgment for plaintiffs and defendant brings error. Affirmed.

Two causes of action arose out of a contract between one Bobo and the Kelly-Springfield Tire Company. The first was an action by the tire company against Bobo to recover a balance due on the purchase price of tires and tubes; and the second, an action by Bobo against the tire company to recover damages for breach of contract. By consent of parties, the two actions were consolidated for the purposes of trial under the title of Bobo, as plaintiff, against the tire company, as defendant, and were tried by the court without a jury. The following is the contract between the parties, as found by the court:

"That on or about the 21st day of December, 1921, in the county of Fresno, state of California, said plaintiff and said defendant, in consideration of said plaintiff's purchasing certain personal property from the San Joaquin Tire & Rubber Company for three thousand dollars ($3,000), and, in addition thereto, purchasing all Kelly-Springfield tires and tubes then in possession of said San Joaquin Tire & Rubber Company from said defendant, made and entered into the following agreement, to wit:

"That said plaintiff should have the exclusive right, within the city of Fresno, to purchase and sell said defendant's said products, at such uniform list prices and terms and according to such uniform list rules and regulations as the said defendant might from time to time prescribe for the sale of its products. That said plaintiff should pay for all goods ordered by him pursuant to the terms of said agreement on or before the 10th day of the second month after the delivery of the same. That said plaintiff should be entitled to a discount of thirty per cent. (30%) from the retail list price established by said defendant and a further discount of five per cent. (5%) for payment according to the terms of said agreement. That the said plaintiff, on his part, agreed to devote his entire time and attention to the business of selling said defendant's products and diligently carry on and conduct the same, and that he would not deal in any other tires and tubes than those of said defendant, except that he should be permitted to deal in Michelin tubes; and it was further agreed that said plaintiff would carry in stock all popular sizes of solid and pneumatic tires and tubes, and would purchase from said defendant and that said defendant would sell to said plaintiff all such tires and tubes as might be necessary to maintain the said stock and satisfy the demands of his trade; and that said plaintiff should maintain a salesman for the solicitation of business within the said city of Fresno; and it further was agreed as a part of said contract that the said defendant should have the right to sell goods within the said city of Fresno at retail upon paying to said plaintiff the discount provided by the contract hereinbefore alleged upon all of such sales. It was further understood and agreed that said agreement should continue in force so long as said plaintiff should pay promptly his accounts with said defendant and give said defendant proper representation."

There was no controversy over the balance due the tire company on the purchase price of tires and tubes. The court found that a

*Certiorari denied 45 S. Ct. 513, 69 L. Ed. ——.

contract was entered into by the parties as above set forth; that the contract was breached by the tire company; that Bobo was damaged by the breach in the sum of $9,600, and gave judgment in his favor for the difference between the .damages thus found and the balance due for tires and tubes, amounting to the sum of $2,124.70. The tire company has sued out the present writ of error to review the judgment thus entered.

Preston & Duncan, of San Francisco, Cal., for plaintiff in error.

G. L. Aynesworth and L. N. Barber, both of Fresno, Cal., for defendants in error.

Before GILBERT, ROSS, and RUD-KIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). The issues of fact in this case having been determined by the court without the intervention of a jury, according to section 649 of the Revised Statutes (Comp. St. § 1587), the rulings of the court in the progress of the trial, if excepted to at the time and duly presented by bill ·of ·exceptions, are subject. to review by this court, and, if the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment. Revised Statutes, § 700 (Comp. St. § 1668).

Before the consolidation of the two cases, the plaintiff in error moved for ·judgment on the pleadings. In one case, upon the ground that the complaint of the defendant in error did not state facts sufficient to constitute a cause of action. In the other case, upon the ground that the answer of the defendant in error did not state facts sufficient to constitute a defense or counterclaim. These motions were denied, and upon the rulings of the court the first error is assigned.

[1] The objections to the complaint in the one case and to the answer in the other are based on the same grounds and may be considered together. Speaking generally, these objections are: First, that the contract between the parties was one of agency and was, therefore, terminable or revocable at the will of either party; second, that the plaintiff in error had an absolute right to terminate the contract whenever it became satisfied that the defendant in error was not giving it proper representation, and of the latter fact it was the exclusive judge; third, that the contract is void for uncertainty because it does not fix, or prescribe any mode for fixing, the kinds and sizes of tires and tubes or define what is meant by popular sizes; fourth, that the contract and facts alleged in the complaint and answer do not entitle the defendant in error to any damages whatever; and, fifth, that the contract is void under the statute of frauds.

The parties are not agreed as to the construction or meaning of the contract in suit. The plaintiff in error contends that it is a mere contract of agency, while the defendant in error contends that it is a contract of sale. As said by the Supreme Court in Banker Brothers v. Pennsylvania, 222 U. S. 210, 32 S. Ct. 38, 56 L. Ed. 168: "This is one of the common cases in which parties find it to their interest to occupy the position of vendor and vendee for some purposes under a contract containing terms which, for the purpose of restricting sales and securing payment, come near to creating the relation of ,principal and agent."

In Willcox & Gibbs Co. v. Ewing, 141 U. S. 627, 12 S. Ct. 94, 35 L. Ed. 882, it was held that a contract very similar `in terms was a contract of agency only. But, for the purposes of this case, it is not very material whether the relation established by the contract was that of vendor and purchaser, or that of principal and agent; for the defendant in ·error was at liberty to terminate the contract at any time by simply refusing to pay his accounts, or give proper representation, and inasmuch as he might terminate the contract at will, the like privilege cannot be denied to the plaintiff in error, unless the contract was founded upon a valuable consideration. In the latter case the right of revocation does not exist. Thus, in Pierce v. Tennessee Coal, etc., Railroad Co., 173 U. S. 1, 19 S. Ct. 335, 43 L. Ed. 591, in consideration 'of the release of a claim for personal injuries, the railroad company agreed to pay the injured, employee wages at the rate of $65 per ·month and to allow him his fuel and the benefit of a garden, so long as the disability to do further work continued, and the employee, on his part, agreed to do such work as he could. For the breach of this contract the company was held liable, notwithstanding there was no obligation upon the part of the employee to continue in its service for any specified time. Many other cases might be cited to the same effect. The principal question in the case is, therefore: Was there a consideration for the agreement. That there was a consideration within the ordinary and accepted meaning of that term does not admit of question. "Good consideration" is defined by the Civil Code of California as follows: "Any bene-

fit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." Deering, § 1605.

"Consideration" has also been defined as: "A benefit to the party promising, or a loss or detriment to the party to whom the promise is made." 13 C. J. 311.

It is there further said: "It may be laid down as a general rule, in accordance with the definition given above, that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee. It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction. Indeed there is a consideration if the promisee in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." Id. 315.

Here the defendant in error was induced to purchase a small stock of tires and tubes from a third party, and in consideration of the purchase, the plaintiff in error granted him the exclusive right to purchase and sell similar tires and tubes in certain territory so long as he promptly paid his accounts and gave proper representation. The purchase of this small stock without any means of replenishing it and without any exclusive right to purchase and sell in the vicinity was a very different matter from its purchase accompanied by such exclusive privilege. For this reason the defendant in error might well be prejudiced by a revocation of the exclusive privilege; but whether he was, or was not, is not material on the question of consideration. So, too, the plaintiff in error may have benefited by the third party purchase in order to close out an existing agency and establish a new one in its place; but whether it was, or was not, is again immaterial. In other words, the consideration in this class of cases does not differ from the consideration required in any other case, nor is it necessary to show that the implied agreement against revocation was supported by a special or independent consideration. The plaintiff in error, for a consideration, granted to the defendant in error the exclusive right to purchase and sell in certain territory for a specified time, and the consideration for this grant extended to every part of the agreement including the implied agreement not to revoke.

Willcox & Gibbs Co. v. Ewing, supra, is cited in support of the right to revoke at will; but so far as the case is in point at all it would seem to support the contrary view. In that case two agency contracts existed between the parties. The first was dated in 1867 and the second in 1874. In the first contract the agent agreed to continue the business, then established at Philadelphia, of the sale of sewing machines, and in good faith to devote his entire time and energy to its advancement and improvement and to the increase of the sales of the machines as fully and energetically as he had done in the previous year "and so long as he faithfully did so and in good faith kept at least the sum of $25,000 actively employed therein, the company 'agreed to, continue, and in equal good faith, carry out all the provisions' of the agreement." It will thus be seen that the agent in that case might terminate the contract by ceasing to faithfully perform or to keep the sum of $25,000 actively employed in the business, just as the defendant in error here might terminate the contract by ceasing to make prompt payment or give proper representation. But in the course of its opinion the court there said: "If this action was based upon the agreement of 1867, there would be some ground for holding that the company was obliged, by that agreement, to continue Ewing as agent so long as he performed its stipulations."

[2] For the foregoing reasons we are of opinion that the plaintiff in error could not revoke the contract at will whether it be construed as a contract of agency or a contract of sale. The contract contains no provision that the performance shall be to the satisfaction of the plaintiff in error, and in the absence of an express provision in the contract itself performance need not be to the satisfaction of the other party. 13 C. J. 676. Indeed, the agreement to make prompt payment and give proper representation was little, if anything, more than the law would imply, and whether prompt payment was made or proper representation given was a question for the determination of the court or jury, not for one of the parties. Nor is the contract void for uncertainty. Agency and sales contracts, such as this, are always more or less indefinite from the

necessities of the case, because the requirements of the parties can never be known or ascertained in advance; but, so far as we are advised, such uncertainty as this has never been deemed a sufficient cause for avoiding a contract. A breach of the contract as set forth in the pleadings might well result in substantial damages, whether the breach occurred immediately or after an established business had grown up under it, and the objection to the pleadings in that regard is without merit.

[3] Again, the contract might be fully performed within a year by the death of the defendant in error or other contingencies, and therefore the statute of frauds has no application. Warner v. Texas & Pacific Railway Co., 164 U. S. 418, 17 S. Ct. 147, 41 L. Ed. 495.

The findings in the case were general, and their sufficiency to support the judgment is not questioned, so that the only remaining questions for review are rulings made in the progress of the trial and excepted to at the time. The only rulings of that character called to our attention are certain rulings admitting and excluding testimony. The testimony thus admitted and excluded did not go to the material issues in the case, and, without prolonging the opinion, it is deemed sufficient to say that the rulings were not prejudicial, especially in a case tried by the court without the intervention of a jury. It is further claimed that the evidence is insufficient to establish the authority of the agent who negotiated the contract on behalf of the plaintiff in error, and criticism is made of the methods employed by the trial court in arriving at the amount of damages; but no specific ruling of the court was made as to either of these matters, and there is therefore no question before us for review.

Finding no error in the record, the judgment is affirmed.