[Civ. No. 4994. Third Appellate District.—April 26, 1934.]

ALBERT SEIFERT, Respondent, v. ARNOLD BROTH-ERS, INC. (a Corporation), Appellant.

Ralph H. Lewis for Appellant.

H. Nelson French and Chauncy H. Dunn for Respondent.

PULLEN, P. J.—Plaintiff entered into a conditional sales contract to buy an automobile from appellant, and in consideration of the purchase thereof by plaintiff, defendant agreed to give plaintiff employment as evidenced by a letter as follows:

" . . . In consideration of your purchasing an Essex Coupe we are offering you employment at the rate of $80 per month. This employment is to be steady as long as your services are satisfactory.

"Yours very truly,
"Arnold Bros., Inc.,
"By H. D. Arnold."

Plaintiff was given employment for approximately three months in the used car department of defendant and was then discharged. One of the officers of the corporation testified the business had suffered a sales depreciation of ap-

proximately eighty per cent during the three months' period that plaintiff was employed by defendant and it became necessary to discharge several employees, including plaintiff. As to whether or not plaintiff did his work satisfactorily, the court found: "Plaintiff properly and carefully performed all of the duties assigned to him, and said services were performed to the entire satisfaction of said defendant."

Plaintiff brought this action to recover damages for his wrongful discharge, and the court, finding in his favor to the effect that the hiring was for a reasonable time, entered judgment, from which defendant appeals.

█ The employment of plaintiff was in consideration of the purchase of an automobile by him from appellant, and the rule is clear that an employment based upon a consideration can be rightfully terminated only under conditions which render it reasonably just and proper to do so. (*Boehm* v. *Spreckels*, 183 Cal. 239 [191 Pac. 5].)

█ Appellant claims the trial court was in error in finding that the employment was for a reasonable time, the contract of employment being silent upon a definite length of service; however, the contract was subject to termination on the happening of a contingency, that is, the contingency of dissatisfaction, and the courts and text-writers have held such to be for a definite length of time. (*Harrington* v. *Kansas City Cable R. Co.*, 60 Mo. App. 223; *Yellow Poplar Lumber Co.* v. *Rule,* 106 Ky. 455 [50 S. W. 685]; *Ex parte Bryant*, 24 Fla. 278 [4 So. 854, 12 Am. St. Rep. 200].) Labatt, Master and Servant, section 178, at page 566, states the rule as follows:

"A contract of hiring which does not by its explicit terms cover any specific period, but which provides that the employment is to last during the continuance of a certain state of things, cannot be terminated by the employer, except for good cause, as long as that state of things subsists."

Appellant has cited four cases which he claims support his contention that the employer had a right to discharge the employee at any time if he became in good faith dissatisfied. The first of these is *Tiffany* v. *Pacific Sewer Pipe Co.*, 180 Cal. 700 [182 Pac. 428, 6 A. L. R. 1493], where a glazeman was employed for a period of three years to perform services as an expert satisfactory to the defendant.

The court in upholding his dismissal before the expiration of his term of employment held in contracts involving matters of fancy, taste or judgment where one party agrees to perform to the satisfaction of the other, that party becomes the sole judge of his satisfaction without regard to the justice or reasonableness of his decision. The facts in this case do not bring it within that rule.

In *Langenberg* v. *Guy*, 77 Cal. App. 664 [247 Pac. 621], the contract of employment limited the term thereof to one year "as our business warrants". In the instant case defendant did not limit the employment to such time as the business might warrant.

In *Lord* v. *Goldberg*, 81 Cal. 596 [22 Pac. 1126, 15 Am. St. Rep. 82], the employee secured his position on the representation he could bring a certain amount of business to the store. He did not bring in the promised business and the court held defendant was justified in reducing his weekly salary in proportion to the business controlled and introduced by him.

*Shuler* v. *Corl*, 39 Cal. App. 195 [178 Pac. 535], is not applicable as plaintiff was there suing for wages already earned.

It is therefore apparent that the contract in question, being based on a consideration in addition to services to be rendered, is a binding contract and can only be terminated under conditions which render it reasonably just and proper so to do. The trial court upon sufficient evidence found that the work of plaintiff was satisfactory and the contract in question could not therefore be terminated prior to its expiration without liability to plaintiff.

The judgment is therefore affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1934.