34 So.2d 318

### BRIGHT v. STATE.

### 8 Div. 619.

Court of Appeals of Alabama.
March 9, 1948.

Wm. C. Rayburn, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of false pretense (felony) this appeal was taken. The jury returned a verdict of guilty as charged in the indictment. The court duly adjudged the defendant guilty, and his punishment was fixed at imprisonment in the penitentiary for a period of one year and one day.

The evidence in the case tended to show that the several articles of value enumerated in the indictment were the property of State witness D. E. Wright. It further appears that the defendant sold each of said articles of property to Fred Compton, the alleged injured party, who testified that at the time of said sale, the defendant told him "the property was his own and that he

446

had bought it from the other fellow, who said it belonged to him, and he wanted to sell everything in there except one little hot plate he reserved that belonged to his brother. Outside of that everything on the inside went."

It is without dispute in the testimony that Compton paid defendant the sum of $550.00 for the property in question.

It appears "the other fellow" referred to above was State witness Jesse King, and he testified to the effect, that the property in question belonged to D. E. Wright and was located in a store and filling station that he (King) had rented and in said store at the time of his selling out to defendant, he had a small stock of groceries, gas and oil, etc.

No brief has been filed by appellant. The "statement of the facts" contained in the brief filed by the State, appears to be sustained by the record, and is as follows:

"The State's evidence was that the appellant sold the State's witness, Compton, for $550.00 an ice box, cash register, showcase, two sets of scales and a drink box, and that he told Compton that he owned this property and had bought it from some other fellow; that the appellant did not own the property, that Mr. Wright owned the cash register and claimed the rest of the property, that Mr. Wright told the appellant that certain items in the filling station belonged to him and that he gave the appellant permission to use certain items.

"The appellant's testimony was that he bought the filling station business from Mr. King how long he could keep the building; went to see the landlord, Mr. Wright, and asked if it was all right for him to buy the business from Mr. King and asked Mr. King how long he could keep the building; that Mr. Wright approved of the sale and told him that Mr. King owed him a little money, but that he had a mortgage on a cow belonging to Mr. King and it was all right to go on and make the purchase, that Mr. Wright never said anything about owning any of the equipment in the filling station; that he just sold what he bought and that he had a witness and a bill of sale to prove his ownership."

The foregoing conflict in the evidence made a jury question and the trial court properly submitted this, the controlling and decisive question, to the jury for consideration and determination.

There were a few exceptions reserved to the court's rulings on the admission and rejection of the evidence, but these exceptions are so clearly without merit discussion thereof is deemed wholly unnecessary.

There was no error in the action of the court in overruling and denying defendant's motion for a new trial.

Affirmed.