**FIBREBOARD PRODUCTS, Inc.**
**v. TOWNSEND.**

No. 13,141.

United States Court of Appeals
Ninth Circuit.

Feb. 2, 1953.

Rehearing Denied March 10, 1953.

T. R. Meyer, Samuel L. Holmes and Brobeck, Phleger & Harrison, San Francisco, Cal., for appellant.

C. K. Curtright, Sacramento, Cal., and Charles R. Garry, San Francisco, Cal., for appellee.

Before HEALY and POPE, Circuit Judges, and HARRISON, District Judge.

HARRISON, District Judge.

This is an appeal from a judgment of $2530.25 in favor of appellee for the breach of an employment contract involving only California law.[1]

The facts disclose that the appellant was constructing a new pulp mill at Antioch, California, and was in need of about three hundred experienced pulp mill workers. It advertised in a southern trade paper seeking applicants.

Appellee who resided in Tuscaloosa, Alabama, answered the advertisement and applied for one of the jobs stating that he had twenty years experience in "Kraft pulp mill work"; that he had served as recovery plant foreman and tour foreman for nine years. He further stated he was married and his family consisted of a wife and three daughters.

On September 1, 1948, appellant provided appellee with a regular application for employment form to fill out and at the same time advised him that he could be reasonably assured that there would be some position available to him. After appellee filled out the application form on October 18, 1948, he called Mr. Lindley, plant manager of the appellant, who at the time told him, in the words of appellee: "He tell me that if I wanted a position out there that they would place me in one of the other plants until such time as they could use me in the new mill. I asked him would it be a permanent job, and he told me that I could depend on it to be a permanent job. I told him in that case I would bring my family and would come prepared to make California my home from now on. * * * I told Mr. Lindley that I would report for work on the 15th of November, 1948."

1. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

On the following day appellant wrote appellee under heading: "Subject: Possibility of Employment in Recovery Department", confirming in part the telephone conversation testified to by appellee.

Thereupon appellee prepared to move to California. He quit a temporary job, sold his household goods at a sacrifice, loaded his family in an automobile and proceeded to move to California.

On November 15, 1948, appellee reported for work as promised. He was told all salaried jobs had been filled but he could have the pick of any other job he wanted, whereupon appellee elected to take a "recovery operation job". Appellee was placed temporarily in a paper mill at a reduced rate of pay until the completion of the pulp mill. About nine months later, on the completion of the pulp mill, he was not placed in a "recovery operation job". Hence appellee seeks damages for the breach of the contract so to employ him. At the trial the court found that appellee had been damaged in the sum of $2523.25.

We have examined the records and have come to the conclusion that the court's findings are supported by the evidence and appellant's contention in this respect is without merit.

Appellant places great stress on the fact that the employment agreement is unenforceable under the Statute of Frauds. We think appellant has based its reasoning in this respect upon a false assumption. It argues that the trial court found that an agreement of permanent employment meant employment for two years, therefore, if the said contract was a contract for two years it was unenforceable under the provisions of the Civil Code of California, § 1624, and the Code of Civil Procedure of California, § 1973. The fallacy in this argument is that appellant assumes that permanent employment is the equivalent of a two years' contract.

It is true that the court in its order for judgment states: "Under the authority of Millsap v. National Funding Corp., 57 Cal.App.2d 772, 135 P.2d 407, and Seifert v. Arnold Bros., Inc., 138 Cal.App. 324, 31 P. 2d 1059, the contract of employment must be considered to be permanent, and in accordance with the Millsap case, supra, two years must be considered to be a reasonable period of time." But in its Findings of Fact, No. 8, the court found: "That it is true that a contract for permanent employment in the State of California is a contract to retain in employment for a reasonable period of time, and that a reasonable period of time is two years." The Findings of Fact must prevail.[2]

In the case of Millsap v. National Funding Corp., 57 Cal.App.2d 772, 135 P.2d 407, the court found a contract for permanent employment meant a contract for a reasonable time and that a reasonable time, in view of all the circumstances of the particular case on trial, was two years. The reviewing court did not disturb the trial court's findings in this respect.

And so in the case at bar under said Findings No. 8, the court found a reasonable period of time was two years. If the facts warranted it the court, in its discretion, could have found a greater or lesser period of time.

A contract for permanent employment is only a contract for an indefinite period of time and terminable at the will of either party, *unless it is based upon some consideration other than the services to be rendered.*[3]

In this case the evidence demonstrates that appellee comes within the exception. While the contract of employment was not made sufficiently specific to be enforceable until the conversation of November 15, 1948, that conversation only made specific and supplemented the telephone agreement of October 18, 1948.[4]

It is suggested that what was said in Thacker v. American Foundry, 78 Cal.App. 2d 76, 177 P.2d 322, required a holding that

2. Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 188 F.2d 558.

3. Speegle v. Board of Fire Underwriters, 29 Cal.2d 34, 172 P.2d 867.

4. Lawrence v. Prosser, 88 N.J.Eq. 43, 101 A. 1040; Williston on Contracts, Vol. 1, p. 140, Sec. 49.

there was not sufficient evidence that appellee told the plant manager that he had a job which he would not quit unless offered permanent employment, and hence that the proof of consideration was lacking. But the facts show that the giving up of the job was not the only detriment suffered. Appellee moved himself and his family from Alabama to California, and worked for nine months at an inferior job, all pursuant to an express understanding that he would do so as part of his arrangement for a permanent job. A number of the California cases holding that the employer may not terminate at will a contract for permanent employment based upon sufficient consideration, involved detriments suffered other than the giving up of another job. Thus in Brown v. National Electric Works, 168 Cal. 336, 143 P. 606, the consideration was the purchase of stock; in Gregg v. McDonald, 73 Cal.App. 748, 239 P. 373, it was the purchase of a share in a business; and in Seifert v. Arnold Bros., 138 Cal.App. 324, 31 P.2d 1059, it was the purchase of a used automobile. Whatever may be said of the sufficiency of the giving up of a job here, we think the other detriments suffered supplied sufficient consideration to satisfy the rule mentioned. At the same time it was an advantage to the employer to have an experienced workman in its labor pool for the opening of its new mill.

 Able counsel for appellant overlooked that an oral contract for "permanent employment" or of other indefinite duration does not come within the Statute of Frauds.[5] That this is the majority rule in the United States see 35 A.L.R. 1432 at page 1440 and 135 A.L.R. 646 at page 688 and cases cited in these annotations. Leading California authority is entirely in accord with and lends support to this majority rule.[6] In any event, the detriment suffered by plaintiff is sufficient to estop defendant from asserting the Statute of Frauds.[7]

Finding no substantial error in the record the judgment is affirmed.

POPE, Circuit Judge (concurring specially).

I am in agreement with the conclusion reached in the foregoing opinion, and with most that is said therein. I think I should reserve judgment as to the first reason advanced by the opinion for the non-application of the Statute of Frauds.

The trial court, following the rule stated in Millsap v. National Funding Corp., 57 Cal.App.2d 772, 135 P.2d 407, has held that under the facts of this particular case, Fibreboard and Townsend entered into a contract of employment whereby the latter was entitled to employment for a reasonable period of time, and that under the circumstances, such employment must be taken to be for a period of two years. Thus the district court has held that on the facts of this particular case there was a contract of employment for a reasonable time, to-wit, two years.

I have difficulty in reasoning how this can be in fact a contract for employment for a period of two years and yet not come within the provisions of the California Statute of Frauds relating to contracts not to be performed within a year. I apprehend that in some states a contract for permanent employment, where supported by consideration, is construed to be an employment for life. In such cases the Statute of Frauds does not prevent enforcement because by the very terms of the agreement it is to end upon the death of the employee, which may happen within the year. See Williston on Contracts § 495, note 8. In other states a contract for permanent employment is held to be one merely for an indefinite period of time and terminable at the will of either party. But, as we are all agreed here, under the California rule such is not the import and effect of the particular agreement now before us.

5. Kelly-Springfield Tire Co. v. Bobo, 9 Cir., 1925, 4 F.2d 71.

6. See Hopper v. Lennen & Mitchell, 9 Cir., 1944, 146 F.2d 364, 161 A.L.R. 282; El Rio Oils v. Pacific Coast Asphalt Co., 1949, 95 Cal.App.2d 186, 213 P.2d 1; Hollywood Motion Picture Co. v. Furer, 1940, 16 Cal.2d 184, 105 P.2d 299; Simmons v. California Institute of Technology, Cal.Sup., 1948, 194 P.2d 521, 525–526.

7. Monarco v. Lo Greco, 35 Cal.2d 621, 220 P.2d 737.

While I cannot discover that the California courts have ever dealt with this precise situation, I would anticipate in view of their decisions in other cases, that since the contract from Fibreboard to Townsend was in truth and in fact a contract for employment for two years, the impact of the Statute of Frauds upon it would be precisely the same as upon any other contract for employment for a fixed period in excess of one year.

█ It is true there is a minority view that in any contract for personal services, whether for a fixed period or not, death may end the contract and since death may come at any time, the contract is not within the Statute of Frauds. Such a case is Kelly-Springfield Tire Co. v. Bobo, 9 Cir., 4 F.2d 71, which is cited and relied upon in the foregoing opinion. But that decision is contrary to Sessions v. Southern California Edison Company, 47 Cal.App.2d 611, 617, 118 P.2d 935, and Mr. Williston notes in footnote 11, § 495, that the Kelly-Springfield case is contrary to the great weight of authority. The later case of Hopper v. Lennen & Mitchell, 9 Cir., 146 F.2d 364, is very different from the Kelly-Springfield case. It expressly recognizes the Sessions case as stating the California rule, and quotes language from Williston in accord with the doctrine of the Sessions case. The Sessions contract was one which called for payments for a period of six years. In that respect it was like the contract in our case which calls for payment for two years. This demonstrates that the contract before us is within the Statute of Frauds.

█ I do agree with the second reason given by Judge Harrison for his conclusion that the Statute of Frauds may not be relied upon as a defense here. Under the California rule stated in Monarco v. Lo Greco, 35 Cal.2d 621, 220 P.2d 737, defendant is clearly estopped from relying upon the Statute of Frauds to defeat the enforcement of the oral contract. The facts here found disclose that Townsend was induced by Fibreboard seriously to change his position in reliance on the promises which made up the contract, and now to deny enforcement of the contract would result in unconscionable injury to the appellee. Under these circumstances, as disclosed by the decision in the Monarco case, supra, the California courts have consistently applied the doctrine of estoppel to assert the Statute of Frauds in order to prevent fraud that would result from refusal to enforce the oral contract.[1]

Because the rule of the Monarco case is in itself a sufficient answer to the claim of defense under the Statute of Frauds, I prefer to confine my concurrence with respect to this issue to that ground alone.

I am authorized to state that Judge HEALY agrees with what I have here stated.

---

1. For a discussion of this California rule and of the Monarco case see 3 Stanford Law Review, page 281.