404 So.2d 40 (1981)
Christopher A. KITSOS
v.
MOBILE GAS SERVICE CORPORATION, a Corporation.
79-783.
Supreme Court of Alabama.
September 11, 1981.
*41 Donald M. Briskman, Mobile, for appellant.
Robert G. Kendall, Mobile, for appellee.
FAULKNER, Justice.
Plaintiff, Christopher Kitsos, appeals from a summary judgment granted in favor of defendant, Mobile Gas Service Corporation for breach of an oral "permanent" or "lifetime" employment contract with defendant. The evidence shows that Mobile Gas Service Corporation employed Christopher Kitsos in October, 1959, to work in Mobile, Alabama. Defendant terminated Kitsos in June of 1977 for allegedly playing golf on company time. Whether he was in violation of company rules by playing golf is a disputed question of fact.
In 1962, Kitsos, decided to accept a position with Atlanta Gas Light Company in Atlanta, Georgia. The position in Atlanta offered new career opportunities and would permit Kitsos to be closer to his relatives. Plaintiff claims that an officer of defendant, John A. Castle, persuaded him to remain with the company in Mobile. Kitsos relied on Castle's oral representations that Kitsos would have excellent opportunities for advancement and promotion, and could be assured of a lifetime or permanent job with Mobile Gas Service Corporation. As a result of these representations, Kitsos claims he declined the job in Atlanta, removed his house from the market, and remained in Mobile as an employee of defendant.
The issue on appeal is whether an oral contract to employ a person permanently or for his or her lifetime is voided by the Statute of Frauds. Section 8-9-2(1) of the Alabama Code provides: "Every agreement which, by its terms, is not to be performed within one year from the making thereof" is void unless it is evidenced by some writing. In order to bring a contract within the purview of this section of the Statute of Frauds, the contract must be incapable of being performed within one year. Land v. Cooper, 250 Ala. 271, 34 So.2d 318 (1948); McLarty v. Wright, 56 Ala.App. 346, 321 So.2d 687 (Civ.App.1975).
This Court has never specifically addressed the question of whether permanent or lifetime employment contracts fall within the Statute of Frauds. Cf. Scroggin v. Blackwell, 36 Ala. 351 (1860) (one year oral employment contract to commence in the future); Roddy v. McGetrick, 49 Ala. 159 (1873) ("permanent" in employment contract means permanent for one year); Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939) (court affirms recovery by employee on oral employment contract *42 without addressing Statute of Frauds issue). In construing the terms of a contract, a reasonable construction that will give effect to the contract rather than destroy it is favored. Roddy v. McGetrick, 49 Ala. 159 (1873). The majority of courts construe a "permanent" employment contract to be a contract that terminates on the death of the employee. See, e.g., Fibreboard Products v. Townsend, 202 F.2d 180 (9th Cir. 1953); Spindel v. National Homes Corp., 110 Ga. App. 12, 137 S.E.2d 724 (1964); Miller v. Riata Cadillac Co., 517 S.W.2d 773 (Tex. 1974); 2 A. Corbin, Contracts § 446 (2d ed. 1952). The contract is thus capable of being performed within a year since the employee may die before the expiration. Id.
If a condition terminating a contract may occur within one year, this Court has said the contract is performable within one year, even though performance may in fact extend beyond that period. See Brown & Sons Lumber Co. v. Rattray, 238 Ala. 408, 192 So. 851 (1939). We hold that the permanent or lifetime employment contract of Kitsos with Mobile Gas Service Corporation was capable of being performed in less than one year, and it is thus not made void by the Statute of Frauds. The trial judge erred in granting defendant's motion for summary judgment.
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and ADAMS, JJ., concur.
JONES, ALMON, SHORES and EMBRY, JJ., dissent.
JONES, Justice (dissenting).
I concur completely with Justice Embry's dissent and add one comment: I am persuaded that the cases from other jurisdictions supportive of the majority opinion take their lead from the textwriters who disagree with the underlying policy of the Statute of Frauds. They grasp for every conceivable exception in order to narrow the Statute's field of operation but the policy call is not the Court's to make. This prerogative has been exercised by the legislature.
If ever the application of the Statute's express policy is called into play, it is within the context of the instant facts. Certainty as to the terms of duration of an employment contract is a requisite to its fair enforcement; otherwise, fraud is its probable incident. Moreover, a contract should be enforced according to the mutual contemplation of the parties. To hold that these parties contemplated performance of a lifetime employment contract within one year, thus falling outside the purview of the Statute is to attribute the worst of motives to either one or both of themsuicide on the part of the one or murder on the part of the other.
EMBRY, Justice (dissenting):
In this case, Kitsos claimed he was persuaded by John A. Castle, an officer of defendant, to remain with the company in Mobile on the basis of Castle's oral representations that Kitsos would have excellent opportunities for advancement and promotion and a lifetime job with Mobile Gas Service. Kitsos says that as a result he changed his mind, declined the job in Atlanta, removed his house from the market where it was being offered for sale in anticipation of his moving to Atlanta, and remained in Mobile in the employ of defendant.
As is well known, every agreement which, by its terms, is not to be performed within one year from the making thereof, is void unless such agreement, or some note or memorandum thereof expressing the consideration, is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing to do so. Code 1975, § 8-9-2. Clearly no written contract or note or memorandum thereof was executed by either of the parties. In order to bring a particular oral contract within the influence of the statute, there must be a negation of the right or possibility to perform it within a year, that is, by its terms it is not to be or *43 is incapable of being so performed. Land v. Cooper, 250 Ala. 271, 34 So.2d 313 (1948), citing W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851 (1939).
Kitsos relies upon an alleged representation that his employment with Mobile Gas Service could be permanent, or for life, as the basis of his contract claim. This representation was allegedly made in 1962, fifteen years before Kitsos was terminated. By its very terms this contract was not intended to be performed within one year. I am not persuaded to conclude that this was a contract without our statute of frauds, by the fact that Kitsos might possibly have died prior to the expiration of a year from the date of the representation. To permit an oral contract to arise from the representation allegedly made in this case and to fix its duration by events rather than by time increments merely because of the possibility, however remote, that a specified event, death of appellant, might occur within a year, would undermine one of the very purposes for which the Statute of Frauds exists. The memory of individuals and the recollection of events fade in time to the extent that there must be some point beyond which oral contracts are not enforceable.
It is clear from the perspective of the present that there is no reasonable way to determine the duration of the alleged contract. I therefore conclude that, as a matter of law, the use of the terms "permanent" or "for life" in a contract for employment is sufficient to negate the intent that the contract be performed within one year.
JONES, ALMON and SHORES, JJ., concur.