Plaintiff, Christopher Kitsos, appeals from a summary judgment granted in favor of defendant, Mobile Gas Service Corporation for breach of an oral "permanent" or "lifetime" employment contract with defendant. The evidence shows that Mobile Gas Service Corporation employed Christopher Kitsos in October, 1959, to work in Mobile, Alabama. Defendant terminated Kitsos in June of 1977 for allegedly playing golf on company time. Whether he was in violation of company rules by playing golf is a disputed question of fact.
In 1962, Kitsos, decided to accept a position with Atlanta Gas Light Company in Atlanta, Georgia. The position in Atlanta offered new career opportunities and would permit Kitsos to be closer to his relatives. Plaintiff claims that an officer of defendant, John A. Castle, persuaded him to remain with the company in Mobile. Kitsos relied on Castle's oral representations that Kitsos would have excellent opportunities for advancement and promotion, and could be assured of a lifetime or permanent job with Mobile Gas Service Corporation. As a result of these representations, Kitsos claims he declined the job in Atlanta, removed his house from the market, and remained in Mobile as an employee of defendant.
The issue on appeal is whether an oral contract to employ a person permanently or for his or her lifetime is voided by the Statute of Frauds. Section 8-9-2 (1) of the Alabama Code provides: "Every agreement which, by its terms, is not to be performed within one year from the making thereof" is void unless it is evidenced by some writing. In order to bring a contract within the purview of this section of the Statute of Frauds, the contract must be incapable of being performed within one year. Land v. Cooper, 250 Ala. 271, 34 So.2d 318
(1948); McLarty v. Wright, 56 Ala. App. 346, 321 So.2d 687
(Civ.App. 1975).
This Court has never specifically addressed the question of whether permanent or lifetime employment contracts fall within the Statute of Frauds. Cf. Scroggin v. Blackwell, 36 Ala. 351
(1860) (one year oral employment contract to commence in the future); Roddy v. McGetrick, 49 Ala. 159 (1873) ("permanent" in employment contract means permanent for one year); AlabamaMills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939) (court affirms recovery by employee on oral employment contract *Page 42 
without addressing Statute of Frauds issue). In construing the terms of a contract, a reasonable construction that will give effect to the contract rather than destroy it is favored. Roddyv. McGetrick, 49 Ala. 159 (1873). The majority of courts construe a "permanent" employment contract to be a contract that terminates on the death of the employee. See, e.g.,Fibreboard Products v. Townsend, 202 F.2d 180 (9th Cir. 1953);Spindel v. National Homes Corp., 110 Ga. App. 12, 137 S.E.2d 724
(1964); Miller v. Riata Cadillac Co., 517 S.W.2d 773 (Tex. 1974); 2 A. Corbin, Contracts § 446 (2d ed. 1952). The contract is thus capable of being performed within a year since the employee may die before the expiration. Id.
If a condition terminating a contract may occur within one year, this Court has said the contract is performable within one year, even though performance may in fact extend beyond that period. See Brown Sons Lumber Co. v. Rattray, 238 Ala. 408,192 So. 851 (1939). We hold that the permanent or lifetime employment contract of Kitsos with Mobile Gas Service Corporation was capable of being performed in less than one year, and it is thus not made void by the Statute of Frauds. The trial judge erred in granting defendant's motion for summary judgment.
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and ADAMS, JJ., concur.
JONES, ALMON, SHORES and EMBRY, JJ., dissent.