## CIRCUIT COURT OF HENRICO COUNTY

Alfreda Cooke

v.

Blue Cross et al.

November 9, 1981

Case No. 81-L-43

By JUDGE E. BALLARD BAKER

The Motion for Judgment alleges that on September 4, 1962, Alfreda Cooke entered into a contract with Blue Cross and Blue Shield under which she "could remain in the employ of the company as a career employee as long as she performed satisfactorily the duties and tasks assigned her." She further alleges she was dismissed without cause on February 6, 1976.

The defendants demurred, contending that the Motion for Judgment "fails to establish that a contract other than one terminable at will existed between plaintiff and defendants."

Virginia has long held that a contract of employment for an indefinite period is terminable at will by either party, on reasonable notice. *Wards Co.* v. *Lewis*, 210 Va. 751 at 756, which cites, among other cases, *Title Insurance* v. *Howell*, 158 Va. 713.

In *Norfolk Southern* v. *Harris*, 190 Va. 966, the Court referred to *Title Insurance* v. *Howell* as supporting the "settled doctrine in this State that where no specific time is fixed for the duration of an employment, there is a rebuttable presumption that it is an employment at will, terminable at any time by either party." (190 Va. 976). The Court, in *Norfolk Southern*, then went on to hold that

> Here, however, a definite time was fixed for the duration of the employment. It was, by the terms of the contract, to continue until the plaintiff gave to the defendant just cause to end it. (190 Va. 976)

Is a promise to employ a person "as long as she perform(s) satisfactorily the duties and tasks assigned to her." equivalent to a promise to employ a person "until the plaintiff (gives) to the defendant just cause to end it."?

This Court sees little difference between the meaning of these promises. Unsatisfactory performance is just cause to fire an employee. Just cause may include things beyond work performances, but this does not seem sufficient to distinguish this case from *Norfolk Southern* on a demurrer.

*Kirkley v. Roberts*, 167 N.E. 289, cited with approval in *Norfolk Southern*, held that a provision that a sales agent would be employed "as long as he shall faithfully and diligently perform the duties of his employment." did not make the contract terminable at will. *Seifert v. Arnold Bros.*, 31 P.2d 1059, holding that an employment "to be steady as long as your services are satisfactory" was for a definite length of time, was also referred to in support of the holding in *Norfolk Southern*.

The defendants argue *Norfolk Southern* involved a union contract and this makes it different. The opinion placed no emphasis on that point. The references to *Kirkley* and *Seifert* and other cases at 190 Va. 977 do not support such an argument.

It can be argued that every contract of employment contains an implied condition that the employee perform the duties satisfactorily. It can also be urged that every such contract also has an implied condition that the employee not give just cause to the employer to end the employment. These are an implied part of all employment contracts, but do not give to all such contracts a definite duration.

Where employment as long as performance is satisfactory is made an express part of the contract, it appears to this Court that *Norfolk Southern* compels the conclusion that a definite time is fixed for the duration of the employment.